## DAY v. MOONEY.

*Reference — practice in — exception. Merger — not accomplished against inten-*
*tion. Delivery — of deed.*

Although an exception will lie to the refusal of a referee to find a fact mate-
rial to the issue which has been sufficiently proved where there is no contra-
dictory evidence, it will not lie because he refuses to conform his entire
report to the request *in totidem verbis.*

A merger can never be accomplished against the intention of the parties to
the transaction out of which it is claimed to arise.

The name of D. was inserted as grantee in a deed without his knowledge by
other parties, who placed the deed on record. As soon as these facts came
to his knowledge, he disavowed them. *Held,* that there was no legal deliv-
ery of the deed.

APPEAL by Christopher Mooney, one of the defendants, from a
judgment in favor of plaintiff, entered upon the report of a
referee.

The action was brought by Henry Day against Christopher
Mooney and others, to foreclose a mortgage. The appellant was the
holder of another mortgage on the same premises.

The mortgage given to the plaintiff was for advances to be made
on a building contract. At the time the mortgage to appellant
was given, these advances had not been wholly made, but were
afterward made. The appellant's mortgage was given subsequent
to that to plaintiff, and was, by its terms, made subject to that
mortgage.

After the execution of the mortgage to plaintiff, the premises in
question were, by mistake, conveyed to plaintiff, and the convey-
ance recorded. Plaintiff was absent from the country at the time,
and knew nothing of the conveyance, and as soon as he was
informed of it repudiated it, alleging his intention to be that the
mortgage should not merge. Other material facts appear in the
opinion.

*M. L. Townsend,* for appellant.

*Daniel Lord, Jr.,* for respondent.

Present — TAPPEN and GILBERT, JJ.

GILBERT, J. The general exception to the refusal of the referee to find the facts and conclusions of law requested by the defendant, except as found in his report, is worthless. There was no warrant for such a request. In respect to most of the facts embraced in the requests, the evidence was clearly against them. A referee is bound to find every fact material to the issue which is sufficiently proved, and in respect to which there is no contradictory evidence, and when he is requested to find such a fact, and refuses, an exception may be taken to his refusal. But an exception does not lie because he refused to conform his entire report *in totidem verbis* to the ' requests, especially when it was his duty·to make a contrary finding. *Beck* v. *Sheldon*, 48 N. Y. 365.

The questions in the case, therefore, arise upon the exceptions taken to the report itself, and the specific exceptions which were taken to the referee's refusal to find. It is unnecessary to go through these exceptions in detail. There is no dispute that the plaintiff's bond and mortgage was given in anticipation of the completion of the terms of a building contract, and that, at the time they were received, there remained to be advanced by the plaintiff, pursuant to said contract, a sum greater than the amount of the bond and mortgage, namely, $17,000 and over. The referee has found, however, that this sum was in fact advanced in smaller sums, from time to time, pursuant to an arrangement between the parties to the agreement and bond and mortgage, and his finding is abundantly sustained by the evidence.

The appellant's bond and mortgage did not become an effective security until two days after all the advances, which the plaintiff was bound to make, had been actually made, and it was, by its terms, expressly made subject to the plaintiff's mortgage. Under these circumstances the appellant is precluded from overhauling the accounts between the plaintiff and his mortgagor. Having taken his mortgage with the recital in it, which has been mentioned, he is estopped to deny the truth thereof. As against the appellant the plaintiff is clearly entitled to enforce his mortgage according to its terms. The facts attending the conveyance of the mortgaged premises to the plaintiff clearly repel the idea that a merger of his mortgage in the legal estate was intended, and a merger can never be accomplished against the intention of the parties to the transaction out of which it is claimed to arise. *Clift* v. *White*, 12 N. Y.

519; *Morris* v. *Whitcher*, 20 id. 41; *Millspaugh* v. *McBride*, 7 Paige, 509; *Skeel* v. *Spraker*, 8 id. 182.

Besides, there was not in contemplation of law a delivery of the deed from Mr. Lord to Mr. Day. The latter was out of the country at the time the delivery is said to have occurred. All that was done was to insert his name in the deed as grantee and put it on record. These acts were done without his authority or assent, and when they were brought to his knowledge he promptly disavowed them. Whether there has been an acceptance of a deed by a grantee depends altogether upon his intention in respect to the matter. The recording of the deed by others, without his sanction, cannot have that effect. *Chouteau* v. *Suydam*, 21 N. Y. 182; *Fonda* v. *Sage*, 48 id. 174; *Wilsey* v. *Dennis*, 44 Barb. 355.

The judgment should be affirmed, with costs.

*Judgment affirmed.*