WILLIAM J. BEST, AS RECEIVER, ETC., OF THE NATIONAL TRUST COMPANY OF THE CITY OF NEW YORK, RESPONDENT, *v.* DAVID J. BROWN, APPELLANT, IMPLEADED, ETC.

*Deed containing covenant by the grantee to pay a mortgage — delivery to, and acceptance by grantee, necessary.*

A deed was made, executed and recorded by A., the owner of the land described therein, to B., who, when advised of the fact, refused to accept the deed but at the request of the grantor executed a deed to him which purported to reconvey the title. The deed made and executed by A., contained a clause by the provisions of which B., the grantee, assumed payment of a mortgage on the land.

*Held,* that B., by executing the deed of reconveyance to A., did not recognize the validity, or assume the obligation of the deed to himself.

APPEAL by the defendant David J. Brown from a judgment in favor of the plaintiff, by the provisions of which the defendant Brown is required to pay any deficiency that may exist on the sale of certain mortgaged premises.

*Winfield, Leeds & Morse,* for the appellant.

*Andrew Fallon,* for the respondent.

DYKMAN, J.:

This action is for the foreclosure of a mortgage executed by James C. Brown, and it is sought to hold the defendant David J. Brown, a brother of the mortgagor, personally liable for deficiency, as the grantee in a deed from his brother containing a clause by which the payment of this mortgage is assumed. The position of David J. Brown is, that this deed was not accepted by him and never was operative as such. The facts are these: After the execution of the mortgage in suit, James C. Brown, without the knowledge of his brother David J. Brown, executed to him a deed of conveyance of the premises, in which he was made to assume the payment of the mortgage.

When this was communicated by James to his brother David, he repudiated it at once, and refused to accept the deed or to have any-

thing to do with it, and, at the request of his brother, executed a deed to him of the premises, which his brother caused to be prepared, in which the grantee was made to assume the payment of the mortgage. David never purchased the property and never agreed to do so, and never paid anything for it, or for either of the deeds. These facts are proved by both the brothers and are undisputed.

It will be thus seen that the instrument executed and recorded by James C. Brown to his brother never attained validity. A deed is a writing executed and delivered, and delivery is essential to give it legal force. Of old the definition of a deed was "an instrument consisting of three things, viz.: Writing, sealing and delivery, comprehending a bargain or contract between party and party, man or woman." (Co. Litt., 171.) Delivery includes a surrender and acceptance, and both are necessary to its completion. This must be the result of a contract, the meeting of two minds, the accord of two wills. The grantor must be willing and agree to deliver, and the grantee must be willing and consent to receive, and this accord of wills must be evinced in some way to show the unequivocal intention of both parties that the instrument shall take effect according to its purport and tenor. (*Fisher* v. *Hall*, 41 N. Y., 416 ; *Brackett* v. *Barney*, 28 N. Y., 333.)

In the March Term of the year 1875, there came before the General Term of this department a similar question, and Judge GILBERT, in giving the opinion of the court, said in relation to it: "All that was done was to insert his name in the deed as grantee and put it on record. These acts were done without his authority or assent, and when they were brought to his knowledge he promptly disavowed them. Whether there has been an acceptance of a deed by a grantee depends altogether upon his intention in respect to the matter. The recording of the deed by others, without his sanction, cannot have that effect. (*Day* v. *Mooney*, 6 Thomp. & Cook, 382.) This is the rule of the authorities and has full application to this case.

As, therefore, there was no acceptance of the deed to David J. Brown, no title passed under it to him, and it never became operative for any purpose, certainly not to charge him with the payment of this mortgage. It would be a strange anomaly if one could be

made personally liable for the payment of a mortgage by the execution and recording of a deed of conveyance to him, containing a clause by which he was made to assume the same, without his knowledge or consent.

In the case of *Deyermand* v. *Chamberlin* (22 Hun, 110), decided by us in September, 1880, the grantee consented to take the conveyance and hold the title, but, without his knowledge, in the preparation of the deed, he was made to assume the payment of a mortgage, and it was sought to hold him personally liable for deficiency in that action. We there held that, as he had not agreed to assume or pay the mortgage, no liability was imposed on him by the insertion of the clause in the deed, and no judgment for a deficiency could be entered against him. That case was stronger for the plaintiff than this, because there the deed was valid and did pass the legal title. It is claimed, however, that the grantee in this deed recognized its validity by undertaking to reconvey the title to his brother, but, in our view, that act had no such effect. It did not infuse life where before there was none. It was well enough to prevent embarrassment in the future disposition of the property, but as no rights or obligations passed to him under the deed to him, so none were imposed upon him by the reconveyance, and nothing passed from him thereby.

The judgment is erroneous and must be reversed and a new trial granted, with costs to abide the event.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Part of judgment appealed from reversed, with costs.