Dykmak, J.
(dissenting)—This is an action to foreclose a mortgage, and its validity is assailed for want of legal inception. It is the claim of the defendants that the mortgage never became operative and never had legal existence or obligatory force.
The facts to be utilized in the decision of the case are these: Michael K. Wilson was the owner of the premises, and all the legal rights of these parties flowed from him, and he had invested in the property $16,000, received from his mother-in-law, who had directed him to give the property to his wife. On the sixth day of February, 1878, Michael K. Wilson conveyed the premises in question, with others, to his nephew George Wilson, by deed of conveyance, dated and bearing date on that day, acknowledged February thirteenth and recorded February 14, 1873. That conveyance was without consideration and was executed *69 with the design of placing the property beyond the reach of the creditors of the grantor.
George Wilson, the grantee, at the same time executed a deed of conveyance for the same premises to Eliza A. Wilson, the wife of Michael K. Wilson, bearing date the same day and acknowledged at the same time with the other, but it was not recorded until October 4, 1881.
On the second day of October, 1879, George Wilson, by direction of his uncle Michael, made the mortgage in question to Elizabeth Jane Clay, the intestate and mother of the plaintiff, and acknowledged the same December 27, 1879. The mortgage was recorded December 31, 1879. There was no bond executed, and the mortgagee never had possession of the mortgage and had no information of its execution or existence. There is no proof of any indebtedness to the mortgagee, either from George or Michael, except the inference arising from the execution of the instrument itself. The deed of conveyance to Eliza A. Wilson was delivered to her husband and remained in the house thereafter and she was aware of its execution and existence.
The mortgage in question was made under the direction of Michael K. Wilson, and delivered to him, and he loft it for record, and it was returned to him after it was recorded, and thereafter remained in his possession.
The trial judge found the facts requisite to authorize a judgment in favor of the plaintiff, and among other things found that the mortgage, although posterior in date to the deed of conveyance to Eliza A. Wilson, was in fact delivered or became operative.
This case is peculiar. George Wilson, the person who executed this mortgage never was more than the nominal owner of the premises. He received the legal title at the request of his uncle, and conveyed the same away by his direction to Ms wife. George Wilson never rested under any obligation to execute a mortgage to Mrs. Clay, and for himself he never undertook to do so. If a mortgage was to be givento her, Michael K. Wilson was to procure its execution. He was the real mortgagor, and the mortgage was to be furnished or withheld at Ms election. He did procure its execution, but he retained it in Ms own possession, or under Ms absolute control. He had dominion over it at all times. Its execution was the result of his command, and so far from manifesting any intention to surrender it, or deliver it to any one, ho held it within his grasp with vigilance and determination.
The question of delivery always involves a question of intention, and an intent to deliver on one hand, and accept on the other, is essential in all cases to an effective delivery, *70 and if Michael K. Wilson, who was the person to furnish the security if it was supplied, never intended to surrender the same, and never did part with its possession, then there was no delivery thereof, neither did the simple act of recording the mortgage constitute a delivery. Day v. Mooney (6 Thomp. & Cook, 382), and cases cited. In that case the senior counsel for the plaintiff in this action wrote the opinion of the court and made reference to authority amply sufficient to sustain his conclusion.
This mortgage was not the result of any arrangment for security and its execution was the result of the mere volition of Michael K. Wilson. Its acceptance could not have been forced upon the mortgagee, and she could not have compelled its delivery to her. We find, therefore, no testimony to support the finding in favor of a delivery of the mortgage.
The question of consideration is also a very serious one, in the way of the plaintiff. There was no bond and the mort: gage created no personal liability. Under our statute the seal was only presumptive evidence of a consideration and the circumstances surrounding the execution of this mortgage go very far to rebut such a presumption in this case.
Nor is the question of priority free from embarrassment. Michael K. Wilson procured the execution of the deeds and mortgage and his knowledge of the existence of the deed to his wife may well be imputed to the mortgagee if she claims any benefit from his action.
The judgment should be reversed and a new trial granted with costs to abide the event.