By the court:
We all know that it is usual at the bar to enter judgments in order to bind lands, or for the purpose of proceeding to charge the special bail, and under these, judgments to try or refer the suits. In many instances, after such judgments entered for the plaintiffs, verdicts, reports of referees and judgments for the defendants have succeeded. The special agreement to enter judgment, admits nothing; but the defendant expressly reserves to himself a liberty to try by the general jury, whether any thing or how much is due to the plaintiffs. Notwithstanding therefore this first judgment, entered by way of security, the plaintiffs were bound to prove their case as laid in the declaration; and their failure herein cannot be imputed to surprize. We know of no case in the books, where a nonsuit entered for want of testimony on the part of the plaintiff at the trial, has been taken off; nor do we apprehend the mistake of the party or his counsel to be a ground for a new trial. (Vide Fitzgib. 40. 1 Wils. 98. New trial not gran table because party had failed'to give other evidence to the jury through his own or counsel’s mistake.)
Messrs. Rawle and Du Ponceau, pro quer.
Messrs. Ingersoll and Lewis, pro def.
It is material then to consider what would have been the event, in case the point reserved had been determined by the court at the trial. It necessarily must have been a nonsuit or verdict for the defendant, and he is entitled now to either the one or the other. The case is a hard one on the part of the * plaintiffs; but we cannot innovate so far as to take off r^r-the nonsuit, in. order to let the plaintiffs into a new L trial.
Motion for a new trial refused, and judgment for the defendant in nature of a nonsuit.