1839.

Millspaugh
v.
McBride.

---

### Millspaugh *vs.* McBride and others.

Where a purchaser of the equity of redemption in mortgaged premises which are subject to the incumbrance of two mortgages, of different dates, takes an assignment of the senior mortgage, for the protection of his title, such mortgage will not be merged in the equity of redemption so as to give the owner of the junior mortgage a preference in payment out of the proceeds of a sale of the mortgaged premises.

The court of chancery has power, even after enrolment, to open a regular decree obtained by default, and to discharge the enrolment, for the purpose of giving the defendant an opportunity to make a defence upon the merits, where he has been deprived of such defence either by mistake or accident, or by the negligence of his solicitor. And such decree may be opened after a sale has been made by a master, under the decree, where the complainant himself became the purchaser of the premises, and has not parted with his interest therein to a bona fide purchaser, or mortgagee.

This case came before the court upon an order for the complainant to show cause why the decree in this cause should not be vacated and the enrolment thereof cancelled, and the sale under the same set aside, and the defendants, Pinckney and Bertine, let in to defend the suit. The bill was filed to foreclose a mortgage given by the defendant McBride to the complainant ; and the defendants Pinckney and Bertine, who had purchased the equity of redemption subject to the complainant's mortgage, and who had also taken

April 16.

1839.

Millspaugh
v.
McBride.

an assignment of an older mortgage for the purpose of protecting their title, were made parties. They having reason to believe that the complainant's mortgage was invalid, employed a solicitor to defend the suit. He investigated the defence on that ground and ascertained that it was useless to attempt to impeach the complainant's mortgage : and he advised them to suffer the bill to be taken as confessed, as he supposed it was not necessary for them to put in an answer, to protect their right to payment of the senior mortgage. And he afterwards permitted the complainant to take a decree in the cause, which decree he never examined until after a sale thereon. Upon subsequent investigation, however, he found that in the bill served on him, which he had never before looked into, it was alleged that the senior mortgage had been paid off by Pinckney and Bertine. The decree, therefore, had made no provision for the payment of that mortgage to them, and the mortgaged premises were bid in by the complainant, for the amount due to him, including the costs of the suit ; so that if the decree and sale were permitted to stand, Bertine, who had in the meantime purchased the interest of Pinckney in the first mortgage, would be entirely without remedy.

*J. Edwards,* for the complainant.

*J. Rhoades,* for the defendant.

THE CHANCELLOR. There is no doubt in this case, from the facts as stated, that the defendants Pinckney and Bertine were the first incumbrancers upon the mortgaged premises, and that their mortgage, which was assigned to them for the purpose of protecting their title against the junior mortgage, was not, as against such junior mortgage, merged in the equity of redemption. It was, in equity, impossible for the prior mortgage, or the equitable interest of the defendants therein, to unite with their legal title to the equity of redemption, by reason of the intermediate equity which the complainant had by virtue of his mortgage. The establishment of a different principle would bring us back to the doc-

trine of tacking ; or a merger which would cut off the complainant's mortgage altogether.

That the lien of the prior mortgage still continues in such a case, as against the intermediate mortgage, is distinctly recognized by Chancellor Kent in the case of *McKinstry* v. *Merwin*, (3 *John. Ch.* 466,) in a case precisely like the present in that respect. (*See also Crow* v. *Tinsley*, 6 *Dana's Rep.* 402.) If the mortgagee is considered as holding the legal estate and the mortgagor the mere equity, the effect of a merger would be to unite to their prior mortgage the equity of redemption purchased by these defendants, so as to overreach the junior incumbrance altogether, at law, and leave him to his remedy in equity only. And when he comes here to ask equity he must do equity by paying off the first incumbrance. The same result follows if a mortgagee is considered as having a mere equitable lien upon the land for the payment of his debt. In that case the second mortgagee, when he seeks the aid of this court to obtain satisfaction of his mortgage, by a foreclosure and sale of the equity of redemption, which equity of redemption in this present case belongs to the owners of the senior mortgage, must still pay off such senior mortgage which is due in equity, even if there is a legal merger. In this case, therefore, if the facts as they now appear had been truly stated in the bill, the defendants might have obtained a correction of the erroneous decree by a bill of review. But in consequence of the false allegation in the bill that the prior mortgage was paid off to the original mortgagee, instead of stating, as the fact was, that the defendants bought the mortgage and took the assignment thereof, the decree *is right* upon the case as made by the bill. No relief therefore can be given to the defendants unless the court has the power, in this stage of the proceedings, to open the order to take the bill as confessed, and all the subsequent proceedings, to enable them to put in an answer, denying the erroneous statement in the bill that their mortgage had been paid and was legally satisfied, upon such terms and conditions as may be just and equitable in regard to the complainant.

*I* think the counsel for these defendants has been successful in showing that it is within the power of the court to open a regular decree by default, even after enrolment, for the purpose of giving a defendant an opportunity to make his defence ; where such defence is meritorious, and he has not been heard in relation thereto, either by mistake or accident, or by the negligence of his solicitor. The cases of *Kemp* v. *Squire*, (1 *Ves. sen.* 205,) and of *Robson* v. *Cranwell*, (1 *Dickens*, 61,) show that the enrolment may be discharged when necessary, for the purpose of opening the decree. And in *Beekman* v. *Peck*, (3 *John. Ch. Rep.* 415,) Chancellor Kent set aside a regular decree by default, upon motion, after enrolment, to let in a defence upon the merits. The case of *Erwin* v. *Vint*, (6 *Munf. Rep.* 267,) also shows that this is the proper course, where the error cannot be corrected by a rehearing or upon a bill of review. The fact that there has been a sale in this case forms no objection to the application, as the complainant himself bid in the premises, for the amount due on his mortgage with costs, and has not parted with his interest therein to a bona fide purchaser, or incumbrancer. The decree may be permitted to stand, and he may keep the premises at the price for which he has purchased them, in case he elects to pay the principal and interest due on the prior mortgage within twenty days, deducting therefrom his taxable costs of opposing this application. If he does not think proper to do that, the order to take the bill as confessed against Pinckney and Bertine, and all subsequent proceedings, must be set aside ; and the enrolment of the decree must be discharged and the master's deed cancelled, and those defendants be let into answer and defend the suit so far as relates to their claim of priority under their mortgage, upon payment of the costs of the order to take the bill as confessed and of all subsequent proceedings. The costs in that case must be paid within twenty days after service of a copy of the taxed bill on the defendant's solicitor, and their answer is to be put in within the same time.