ESTELL'S EXECUTORS *ads.* FRANKLIN et al.

1. Where a defendant files a set-off, if the plaintiff does not file a replication in due time, and put the cause at issue, the court will grant a rule on the plaintiff to reply, and in case of failure to comply with the rule, will allow the defendant to put the cause at issue, and after such issue joined, if the plaintiff do not bring the cause to trial, the defendant may have a trial by proviso.

2. Where both parties are actors, and each has an interest in taking a verdict, the court will not grant leave to discontinue against objections.

---

HAINES, J. This was an action of *assumpsit* on an account current, in which the declaration was filed in July, 1858.

Daniel E. Estell, the original defendant, having died in 1859, the action was, on motion of the plaintiffs, revived against his executors. In May, 1860, they filed pleas of payment and set-off to a large amount, and greatly exceeding the demand of the plaintiffs. At the June Term, 1860, notice was given, by the defendants, of a motion to require the plaintiffs to reply to the pleas, or that the de-

fendants be at liberty to reply for them; and also for a rule to bring on the trial of the cause by proviso.

That motion was waived by reason of some understanding between the parties. The cause was noticed for trial at the following circuit, but was not tried; and the plaintiffs manifest an unwillingness to bring on the trial.

Motion is now made upon notice for a rule on the plaintiffs to reply within thirty days, or if they fail so to do, for leave to the defendants to file a replication for them, putting the cause at issue on the pleas; and further, for leave to bring the cause to trial by proviso.

Our statute concerning set-off is imperative, and if a defendant fail to plead or give notice under the plea of payment of the matter of set-off, he is forever precluded from bringing any action for that which he might and ought to have so pleaded.

The language of the act is very explicit, and interprets itself; yet the subject has been considered by the court, in the case of *Schenck* v. *Schenck's executors*, 5 *Halst.* 277, and on solemn argument, the act so construed. This was repeated in the case of *The Cumberland Bank* v. *Hann*, 3 *Harr.* 230, and so has ever been held by the courts and the bar.

The defendant, having filed his plea of set-off, or given notice of it under the plea of payment, as he is by the statute required to do, has a direct interest in having the cause put at issue and tried. He thereby becomes a *quasi* actor, and, as such, has the right to have the cause determined, as he may have a just claim, and may recover against the plaintiff. For the same reason, the plaintiff may not think it to his interest to prosecute the suit, but to let it sleep an indefinite time, and so bar the defendants' just claim. In such case, it is the duty of the court to protect, as far as it can, the rights of the parties and to prevent injustice.

If a discontinuance of the action or a non-suit would prejudice the defendant he should not be subjected to it.

If the plaintiff, under such circumstances, refuse to file a replication, the defendant should be at liberty to put the cause at issue by a simple denial of the matters averred by the plea. That can be but a little more than a common *similiter.*

If after the cause is at issue the plaintiff neglect or refuse to bring on the trial, the defendant should have leave to go to trial by proviso. For the same reasons, the court may and should refuse the motion of the plaintiff to discontinue. Where both parties are actors, and each has an interest in taking a verdict, the court will not grant leave to discontinue against objection. 2 *Arch. Prac.* 108 ; 2 *Tidd's Prac.* 732 ; *Long* v. *Breckinridge,* 1 *Strange* 112.

It is proper in this case that the motion of the defendants should be granted, and that they have a rule on the plaintiffs to reply to the defendants' plea within thirty days after a service of a copy of the rule, or that the defendants have leave to file a replication for them, putting the cause at issue. And if after such issue joined the plaintiffs do not bring on the trial of the cause in due time the defendants have leave for trial by proviso.