Embury *v.* Bergamini.

---

EMBURY *vs.* BERGAMINI and wife and others.

1. Motion to amend final decree, so as to make it personal against a defendant for a deficiency in proceeds of sale of mortgaged premises, pursuant to the prayer of the bill. Application by such defendant, at the same time, to open decree, and to permit him to answer. The affidavit upon which defendant's application was based, the facts wherein set forth

Embury *v.* Bergamini.

were not denied or questioned, showed that the defendant was not person-
ally liable for the deficiency, and put in no defense, because ignorant of
the existence of the suit.   Amendment refused.

2. A decree by default, regularly taken, even after enrollment, will be
opened to give a defendant an opportunity to make his defence, where
such defence is meritorious, and he has not been heard in relation thereto,
either through mistake, accident, or surprise.   But it will not be opened
to permit him to show that he is not personally liable in the suit, when no
personal liability attaches to him by the decree as made, and none can
attach without amending the decree.

On motion to amend final decree, and counter motion to
open decree, with leave to answer.

*Mr. J. W. Field*, for complainant.

*Mr. E. S. Cowles*, for defendant, Thomas Proctor.

THE CHANCELLOR.

The complainant applies for an amendment of the final
decree in this cause, so as to make it a personal decree
against the defendant, Thomas Proctor.   The bill was filed
to foreclose a mortgage given by Bergamini and wife, and held
by the complainant.   After the giving of the mortgage,
Bergamini and wife conveyed the mortgaged premises to
Proctor, subject to the encumbrance of the mortgage, and
he subsequently conveyed them away in like manner.   The
bill alleged that he not only took the premises subject to the
mortgage, but that he agreed with his grantors that he would
pay it, and indemnify them against it.   It prayed a decree
against him for deficiency.   The direction of the rule of this
court, in respect to notice in such cases, was strictly complied
with.   A decree pro confesso was duly made against Proctor.
There was no decree against him, however, for deficiency.
The mortgaged premises were sold on the 4th of June last,
under the execution issued on the final decree, and there
remains a deficiency of $5450.82, besides interest.   Appli-
cation is now made to amend the decree as above stated,
on the ground that the bill was regularly taken as con-

fessed, as against Proctor, all the requirements in that behalf having been fully complied with. Proctor applies, at the same time, for an order vacating the enrollment of the final decree, and setting aside the decree pro confesso, and the subsequent proceedings as to him, and granting him leave to answer. His motion is based on his affidavit, in which he alleges that he never assumed or agreed to pay the complainant's mortgage in any way, or to indemnify his grantors against it. The deed from Bergamini and wife to him is exhibited. He denies all notice, knowledge, or information whatever, of the existence of the suit, until the 8th day of October last, when he received notice of an application to be made to this court for a *fieri facias* against his goods and lands, to make the deficiency.

The affidavit discloses merits and surprise. From it, it appears clearly, that Proctor had a complete defence to any application for a personal decree against him, which he was prevented from interposing only by want of knowledge of the existence of the suit. The court will not hesitate to extend relief in such cases. It will open a regular decree by default, even after enrollment, for the purpose of giving a defendant an opportunity to make his defence, where such defence is meritorious, and he has not been heard in relation thereto, either through mistake, accident, or surprise. *Millspaugh* v. *McBride*, 7 *Paige* 509; *Miller* v. *Rushforth*, 3 *Green's Ch.* 174; *Brinkerhoff* v. *Franklin*, 6 *C. E. Green* 334.

But there is no personal decree against Proctor, and there can be none in this suit, unless it be by amendment of the final decree. The facts stated in his affidavit, as to the contents of the deed to him, and in reference to his alleged liability to pay the mortgage debt, are not denied or questioned, but are accepted as true. They show that he was the purchaser of the equity of redemption merely; that he took the premises subject to the mortgage, and without any assumption of liability to pay the debt. There is no express, nor any implied covenant, from which any personal obliga-

tion arises, on his part, to pay that debt; and there is, therefore, no ground for a decree for deficiency against him. Under these circumstances, the court will not permit the amendment. This disposes of the whole subject.

No costs will be allowed to either party.