Warner *v.* Warner.

CLARA W. WARNER

*v.*

BEZALEEL WARNER.

1. A defendant who intentionally withholds his defence, and assumes the hazard of escaping a decree on the weakness of the complainant's case, and fails, should be required to bear the consequences of his folly as the penalty of his laches and rashness.

2. In determining whether or not the proofs shall be opened in a case tried before the vice-chancellor, the same rules govern this court that govern the law courts in determining applications for new trials.

3. Error of judgment, or mistake of law by counsel in conducting a cause, is no ground for a new trial. .

4. A court of equity will not grant a rehearing because of an error of judgment or mistake of law by counsel as to pertinency or force of certain evidence.

5. A litigant who has had a fair trial, with the aid of counsel of his own selection, and a full opportunity to prove his claim or defence, should, as a general rule, be required to accept the result as final, except he can show, in appellate proceedings, that on the case as made, injustice has been done or error committed.

On petition for leave to amend answer and open proofs after final hearing and decision.

*Mr Joseph D. Bedle,* for petitioner.

*Mr. R. B. Seymour, contra.*

THE VICE-CHANCELLOR.

This case re-appears before the court on what I am compelled to regard as a very extraordinary application. The case has already been once fully heard and carefully considered, and, as it was supposed, finally decided, so far as this court is concerned. The judgment then pronounced, and the reason assigned in support of it, will be found in *4 Stew. 225.* The defendant now asks that an order be made

opening the proofs, that he be allowed to amend his answer by setting up two additional defences, and that he be permitted to prove not only the new defences, but, also, a defence set up in his answer as originally framed, but which he did not prove when he had the opportunity to do so, because—to quote the language of his petition—"he was advised by his counsel that it was unnecessary, as the complainant had made out no case for a divorce against him." Neither his new defences, nor his proofs are recent discoveries. Every material fact now within his knowledge was fully known to him before his answer was filed. He makes no attempt to conceal this fact. His petition, in this respect, has the merit of perfect frankness. This fact is decisive against his application to amend, even if we lay out of view the other important fact that he has speculated upon the judgment of the court, and willfully delayed his application until he had exhausted the experiment of waiting to see whether he could not win upon the weakness of his adversary's case. A defendant who purposely withholds what he believes to be a good defence, and assumes the hazard of escaping a decree solely on the weakness of the complainant's case, and fails, should, as a general rule, I think, be required to bear the consequences of his folly as the just penalty of his inexcusable laches and rashness.

Should the proofs be opened? This part of the application rests exclusively upon an error of judgment of his counsel, and alleged surprise. His counsel, he says, thought the proofs were not sufficient to entitle the complainant to a decree, and, therefore, advised him not to put in all his proofs. The court, unfortunately, reached a different conclusion, and has adjudged that the complainant is entitled to its decree. This conclusion, it is said, is wrong; not, however, upon the proofs as they now stand, for if that were the grievance, an appeal would afford an easy and sure remedy, but upon the actual facts of the case, as they exist *aliunde* the proofs, and, therefore, he insists that he should be afforded another opportunity to make his defence. His

application is, I think, without precedent.   I am sure it cannot be granted without giving litigants a most dangerous license, under which they will be at liberty to experiment and trifle with the administration of justice, as their caprice or interest may dictate.

In determining whether the proofs should be opened in a case tried before the vice-chancellor, by the oral examination of witnesses, this court is governed by the same rules that the law courts apply to applications for new trials. This court will open the proofs before argument, upon the discovery of new and material evidence, provided it is shown that the applicant could not have discovered the new matter, by the exercise of reasonable diligence, before the proofs were closed.   *Mulock* v. *Mulock, 1 Stew. 15.*

Error of judgment, or mistake of law by counsel, has never been esteemed sufficient reason for granting a new trial.   More than one hundred and fifty years ago, a judge of the queen's bench said :   " The mistake of the judge or jury is good cause for a new trial, but I never yet heard that the mistake of counsel was so."   *Queen* v. *Helston, 10 Mod. 203.*   And Lord Ellenborough, in *Hall* v. *Stothard, 2 Chit. 267,* said :   " The client must be bound by the conduct of his counsel, otherwise there would be no end of applications to the court for new trials.   Where the parties wish one course to be adopted and counsel take another, the parties must, nevertheless, abide by the acts of their counsel, however contrary to their wishes."   The same views have been expressed in many other cases.   The mistake of counsel in failing to object to the admission of illegal evidence has uniformly been held to be a waiver of the objection, and to constitute no ground for a new trial.   *Den* v. *Geiger, 4 Hal. 236 ; Abbott* v. *Parsons, 7 Bing. 563; Sherman* v. *Crosby, 11 Johns. 70 ; Jackson* v. *Jackson, 5 Cow. 173 ; Price* v. *Fugua, 4 Munf. 68.*

The application under consideration is, in all essential particulars, an application for a rehearing.   Such applications are never granted because counsel has committed an

error of judgment in the conduct of his cause. Judge Story says: "No court of equity has ever felt itself at liberty to grant a rehearing upon the suggestion of an error of judgment or mistake of law by counsel as to the pertinency or force of evidence to be used in a cause. It will not do to allow clients to have rehearings and reviews simply because their counsel have not fully appreciated the merits of their cause, or have even overlooked the importance of certain points of evidence." *Baker* v. *Whiting, 1 Story 236.* In a subsequent case, the same judge said : " The suggestion that the defendant's counsel has been mistaken in his judgment upon the value or force of certain evidence, can have no possible influence upon the mind of the court, in determining whether or not the defendant is entitled to a rehearing. *Jenkins* v. *Eldredge, 3 Story 316.* Similar views were expressed in *Dennett* v. *Dennett, 44 N. H. 535.*

Very little reflection will convince any impartial mind that the contrary rule would make litigation, in many cases, so protracted and expensive as to be practically a denial of justice. When we consider the great diversity of methods that may be adopted in the trial of almost any cause, and how wide the field is for difference of opinion as to the best method in any particular case, it would seem to be almost impossible to have any case so skillfully tried that the counsel of the defeated party will not feel that, if he should be afforded another trial, he could do a great deal better. And if his methods happen subsequently to be brought under the supervision of a practitioner of greater experience and skill, they will not unfrequently explain the cause of defeat. A litigant who has had a fair trial, with the aid of counsel of his own selection, and a full opportunity to prove his case or defence, should, as a matter of justice to his adversary, be required to accept the result as final, except he can show, in appellate proceedings, that, on the case as made, injustice has been done or error committed.

Warner *v.* Warner.

The defendant also asks that the proofs may be opened for another reason, namely, that he and his counsel both supposed that certain evidence, taken before his answer was filed, on the question as to which of the parties should have the custody of the children pending the litigation, would be considered by the court in deciding the case on its merits, and that he is greatly surprised to find that it was excluded. He also says that this evidence was used on the argument without objection, and avers that both parties acted on the idea that it was to be considered evidence on the main question. The reasons why it was excluded are given in the opinion already referred to, and need not be repeated. The evidence taken on the main issue was read prior to the argument, but that which the defendant says he supposed the court would consider, was not; nor was the court informed that there was any understanding or agreement that it should be considered evidence on the main issue. The petition does not allege that an agreement of that character had been made. When the vice-chancellor entered upon the consideration of the case, he read part of the excluded evidence before discovering that it had been taken before issue joined, subsequently finding a memorandum on the master's notes, showing that verbal notice had been given by the solicitor of the defendant to the complainant's solicitor that he intended to use, on the final hearing, so much of this evidence as was pertinent to the main issue, and foreseeing that embarrassment and difficulty were likely to arise from disregard of an important rule of practice, he called the attention of the solicitor of the defendant to the fact that this evidence could not be considered, except it was made evidence on the main issue by an order of the court; he was also informed that if he desired to have such an order made, he must apply for it upon notice to the other side. The vice-chancellor was subsequently informed by the defendant's solicitor, that he had concluded not to ask for such an order. In view of these facts, the claim of surprise cannot be allowed.

This application, concisely stated, is this: the defendant, after having had the full opportunity given to him by the law to make his defence, and made such use of it as he thought necessary, and having been beaten, now says that, in consequence of his own laches and the misjudgment of his counsel, he did not make as strong a defence as he is sure he can make, if the court will obliterate the past and allow him to start anew. The merits of his application as thus stated, present just the reason why it should not be granted. The application must be denied, and the petition dismissed, with costs.