JAMES A. McDOWELL, appellant,

v.

WILLIAM H. PERRINE, respondent.

1. The petition to open a decree should state newly-discovered evidence.

2. A rehearing will not be granted if the evidence proposed to be offered be merely cumulative.

3. Mistake or error of judgment in counsel is no ground for rehearing.

On appeal from a decree of the chancellor, whose opinion is reported in *Perrine* v. *White, 9 Stew. Eq. 1.*

*Mr. W. R. Gilmore,* for appellant.

*Mr. F. E. Marsh,* for respondent.

The opinion of the court was delivered by

PARKER, J.

This appeal is from an order advised by the chancellor, dismissing the appellant's petition to open a final decree.

The affidavit accompanying the petition states in detail the testimony proposed to be offered should the decree be opened and the petitioner let in to defend.

The original bill was filed in 1881, by William H. Perrine, a judgment creditor of Mary White, the mother of the petitioner, for the purpose of setting aside as fraudulent two deeds of conveyance, which had been made by her to her son.

These deeds were executed after the debt for which Perrine obtained judgment was contracted.

McDowell, the petitioner, was made a party defendant in the suit, and he and Mrs. White (also a defendant) answered separately. He was not a resident of this state, but information of the pending suit was given him by his mother. Mrs. White

McDowell *v.* Perrine.

swears that she was entrusted. by her son with the care and conduct of the case in his behalf. She had the answer of McDowell prepared and sent to him. He signed and returned it to his counsel to be filed. This answer, which the petitioner says he read, shows clearly the nature and object of the bill of complaint. He could not read it without being made aware that the object of the suit was to set aside as fraudulent the deeds which his mother had executed to him, and to make the property described in those deeds liable to said judgment. That he did know that such was the object is proved by his denial in the answer that the conveyances were fraudulent, and by asserting therein that said judgment was not a lien upon said lots of land. He could not have failed to understand that evidence relating to the consideration of the deeds was of primary importance to him.

The answer having been signed and returned to his counsel, was filed on the 21st day of December, 1881, and from that time McDowell was a party in court.

Testimony in the cause was taken in the presence of his counsel, who examined and cross-examined witnesses in his behalf, and made argument for him at the hearing before the chancellor.

On the 22d day of March, 1882, the chancellor signed the final decree, which, after reciting that the cause had been heard on bill, answer, replication and proofs, in the presence of counsel for complainant and the defendants, adjudges the deeds to be void, and sets them aside as to the judgment and execution of complainant.

Soon after the decree was entered, Mary White, on behalf of herself and McDowell, filed a petition for rehearing. After argument the chancellor denied the application.

Afterwards another application to open the decree was made by McDowell alone, which, on advice of the vice-chancellor, was refused and the petition ordered dismissed. It was from the order last mentioned that this appeal was taken.

The affidavit of McDowell, attached to his petition, sets forth fully the testimony it is proposed to introduce should the decree be opened. In regard to the alleged consideration of the deeds and

other material matters, it states substantially what was sworn to by Mrs. White in her evidence taken in the cause. It is the same statement with a little more particularity. It is merely an amplification of her testimony, which was considered by the chancellor when he made the final decree. It is not newly-discovered testimony. The evidence proposed to be taken is that of McDowell himself. He had knowledge of the facts attending the alleged transfer of the property at the time the depositions of the witnesses were taken in the cause, as fully as he now has knowledge of them.

The petition should set forth new facts or newly-discovered evidence of facts, which at the hearing were unknown to the party, and which could not have been known by the exercise of ordinary diligence prior to the closing of the evidence.

A rehearing will not be granted if the evidence to be offered is merely cumulative. *Dennett* v. *Dennett, 44 N. H. 531; Baker* v. *Whiting, 1 Story 218; Livingston* v. *Hubbs, 3 Johns. Ch. 124.*

But the principal reason urged by counsel of appellant to open the decree is that McDowell's counsel did not call him as a witness in the cause. Mrs. White says that when she suggested to his counsel to call McDowell as a witness, he replied that it would not be of any use or advantage to him, and that his testimony would do no good.

There is no evidence to lead to the inference that McDowell's counsel acted fraudulently in his management of the case. He may have made a mistake. In advising not to call McDowell as a witness, he may have erred in judgment. But he did not abandon the case. He examined witnesses, and argued the cause before the chancellor for the defendants.

McDowell was in court by his counsel. He had an opportunity to make his defence. He now comes to this court, and in effect says, My counsel should have had my testimony taken; he committed an error in not doing so; give me another chance and I think I can make out a better case.

Under the circumstances, the granting of a rehearing in this case would furnish a precedent which would lead to almost in-

McDowell v. Perrine.

terminable litigation. After trial a party can almost always perceive where he might have made his case stronger. The adverse party has rights which should be recognized and protected. He should not be obliged to undergo the expense and delay of another contest because his opponent thinks his counsel made a mistake. The applicant for a rehearing must bring himself strictly within the rules which govern such applications.

It is well established that a client is bound by his counsel in his management of a cause, and the court will not grant another trial, because some witness was not examined, unless the conduct of the counsel was fraudulent. It matters not whether the omission to call the witness was caused by the belief of counsel that he had sufficient evidence already, or that the opposing party had failed in proof, or because the testimony, if taken, would probably not be credited.

In this case the refusal or omission to swear McDowell as a witness was an exercise of judgment on the part of counsel, which, if it proved to be an error of judgment, is not ground for rehearing.

Even where a party desires a certain course to be adopted, and counsel pursue another course, the party must abide by the acts of his counsel, however contrary to his wishes. *Hall* v. *Stothard,* *2 Chitty 267.*

Counsel stand in place of the client. The mistake of a judge or a jury may be good cause for new trial, but not the mistake of counsel. *Queen* v. *Helston, 10 Mod. 202.*

Some of the authorities have gone so far as to hold that it is not sufficient ground for a bill of review that certain documents, on which complainant's right to a decree depended, were lost or mislaid by his counsel, and not found until after the decree against him. *Jones* v. *Pilcher, 6 Munf. 425.*

In *Franklin* v. *Wilkinson, 3 Munf. 112,* it is said that it is no ground for a bill of review that a party was prevented from proving certain important facts, by wrong advice of one of his counsel.

Error of judgment or mistake of law by counsel, as to the

McDowell *v.* Perrine.

pertinency or force of evidence, furnishes no ground for rehearing. *Baker* v. *Whiting, 1 Story 218.*

In *Le Neve* v. *Le Neve, 3 Atk. 26, 36,* it is held that parties rely on the skill of their counsel, and therefore what counsel know must be allowed to be knowledge of the party.

A new trial will not be granted because a party failed to give other evidence, through his own or his counsel's mistake. *Gorgerat* v. *McCarty, 1 Yeates 253.*

The cases cited by counsel of appellant do not apply, because they show an entirely different state of facts. Upon full examination of the cases, it is found that there is no antagonism in the authorities.

In *Millspaugh* v. *McBride, 7 Paige 509,* the decree was obtained by default, and the defendant had been deprived of a defence on the merits.

In *Robson* v. *Cranwell, 1 Dick. 61,* the solicitor had received money to fee counsel at hearing; no briefs were put in, and the bill was dismissed because there was no appearance at the hearing for the complainant, through the action of counsel, which savored of fraud, and which the party could not anticipate.

In *Brinkerhoff* v. *Franklin, 6 C. E. Gr. 334,* the decree was opened where the party had not been heard, and where no laches on his part appeared.

In *Kemp* v. *Squire, 1 Ves. Sr. 205,* the party was an infant, and was beyond the seas until near the time of hearing, and the merits of the case were not before the court.

The case on which most reliance is placed by counsel of appellant is *Day* v. *Allaire, 4 Stew. Eq. 303,* decided in this court. In that case the defendant had answered under oath. The solicitor who had been retained refused to take certain testimony. He did not present to the court the evidence which had been taken, nor did he appear at the hearing to take part in the argument, although he had been fully paid, and only the complainant's case was heard. In fact, the solicitor abandoned the case and left the state without the knowledge of the client. In that case no error of judgment or mistake in law appeared on the part of counsel, but simple withdrawal from the case without the knowledge of

the party, having the appearance of absolute bad faith, which could not be anticipated by the client.

The case now under consideration, as appears from what has been stated, is of a different character. The appellant's witnesses were examined and his case presented to the court by counsel. The chief complaint is that the appellant himself was not examined as a witness, because his counsel thought it unnecessary.

The order dismissing the petition is affirmed.

For affirmance — THE CHIEF-JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, COLE, GREEN, KIRK, WHITAKER—12.

For reversal—DIXON, PATERSON—2.