RUDOLPH ROSS, PLAINTIFF, v. C. D. MALLORY CORPORATION, DEFENDANT.

Argued November 6, 1943; Briefs Submitted December 22, 1943, and May 13, 1944—Decided June 2, 1944.

Before Justice Heher, at chambers.

For the plaintiff, *Samuel M. Cole.*

For the defendant, *John W. Ockford.*

Heher, J. On July 19th, 1943, final judgment was entered for defendant on the pleadings. Thereafter, it was pleaded in bar of an action pending between the parties for the same cause in the United States District Court for the Southern District of New York. Plaintiff now moves for the vacation of the judgment on the ground that it was improvidently entered, in that he did not have actual notice of the motion for judgment and the pleaded cause of action is well-founded in law and in fact.

On September 5th, 1940, plaintiff suffered personal injuries while serving the New York Stevedoring Co., Inc., as a long-shoreman on an ocean-going steamship of defendant moored in the navigable waters of the United States at a Jersey City pier. The complaint herein was filed on July 16th, 1941, by the Globe Indemnity Company, the employer's insurance carrier, "for itself and for the use and benefit" of the injured employee, to enforce what was conceived to be defendant's common-law liability for negligence in the construction, maintenance and management of the vessel and its appliances. It alleged that the plaintiff insurer had paid compensation to the employee under the Federal Longshoremen's and Harbor Workers' Compensation Act of 1927, as amended by chapter 685 of the Public Laws of 1938 (44 *U. S. Stat.* 1424; 52 *Id.* 1164, 1168; 33 *U. S. C. A.,* §§ 901, *et seq.*), and that thereby such right of action for negligence as the employee might have had against defendant became vested in the employer, and passed to the insurer by right of subrogation. *Sections* 33 (*b*) and 33 (*i*), *supra.* Thereafter, on June 4th, 1942, the employee filed with the Federal Employees' Compensation Commission, under *section* 33 (*a*), *supra,* a notice of his election to sue the alleged third-party tortfeasor.

On September 16th, 1942, it was determined on a motion to strike out the complaint that, since no "award" had been made "in a compensation order filed by the deputy commissioner" under the statute, there had been no assignment of the asserted right of action to the employer under *section* 33 (*b*), *supra,* and hence no subrogation to the rights of the employer under *section* 33 (*i*), *supra;* and therefore an order was made eliminating the insurance carrier as a party plaintiff and substituting the employee as the sole plaintiff, with leave to defendant to interpose the defense of "election of remedies." An answer was filed setting forth that, under the cited statute, plaintiff was obliged to elect whether he would take compensation as therein provided, or proceed against the alleged tortfeasor, and that he elected "to receive and accept compensation, and he did in fact receive and accept compensation, and is thereby precluded from bringing this suit." Plaintiff moved to strike out this defense as insufficient in

law, in that "upon the facts to be presented on said motion, plaintiff has not made such election as to preclude him from instituting and prosecuting the cause of action" thus pleaded. Judge Ackerson, sitting as a commissioner of this court, ruled that the design of the statute was to compel the injured employee to choose between the right to compensation thereunder and the right to proceed against the tortfeasor, and the motion was denied. An order to that effect was entered on May 11th, 1943. Meanwhile, plaintiff commenced the like action in the Federal District Court, now pending.

Plaintiff interposed no reply to the answer filed in the instant action; and, on July 14th, 1943, defendant served upon plaintiff's attorney of record notice of a motion to be made before me on July 19th, ensuing, one of the summer motion days, for the entry of a rule for final judgment in its favor on the ground that the "separate defenses" had been sustained as "valid and complete," and the motion to strike out the defenses had been denied, "and no reply" had "been made thereto." There was no appearance on behalf of plaintiff at the time thus fixed for the hearing of the motion; and a rule for "final judgment in favor of defendant and against plaintiff" was entered. It was therein recited that, on the motion to strike out the defense of plaintiff's election of another remedy, it was determined that "the defense was valid," and plaintiff was "precluded as a matter of law from maintaining" the action; and that plaintiff "did not reply to the defense and his time in which to reply has expired."

It is conceded that plaintiff himself did not have actual notice of this application for the entry of judgment final. His non-appearance is sufficiently excused. His attorney of record was the attorney of the insurance carrier; and the action seems to have been treated as one for the benefit of the insurer and wholly within its control. Apparently, the insurer lost interest in the litigation after the denial of the motion to strike out the defense of election of remedies. Thereupon, on notice to plaintiff, the judgment was pleaded in bar of the action pending in the Federal District Court. On October 16th, 1943, plaintiff's present attorney was substituted as his attorney of record; and five days later a notice

of appeal from the judgment to the Court of Errors and Appeals was filed. On the ensuing October 27th, the petition to vacate the judgment was filed, and the instant rule to show cause was allowed.

*First:* The taking of the appeal served to transfer jurisdiction of the cause to the court of last resort; and, during the pendency of the appeal, this court was shorn of the power to vacate the judgment. By an appeal, the inferior court of record is ousted of jurisdiction of the cause. Under *R. S.* 2:27–347 (a re-enactment of *Section 26 of the Practice Act of 1912, chapter* 231), an appeal "is deemed" to remove to the appellate court "the entire record of the cause." The old writ of error brought up the record of the judgment only; outbranches of the record came up on *certiorari.* ، *Coykendall* v. *Robinson,* 39 *N. J. L.* 98. And the jurisdiction of the appellate court in a civil cause is invoked by the serving and filing of the notice of appeal. *Feldstein* v. *Employees' Liability Assurance Corp.,* 112 *Id.* 485; *Williams* v. *White,* 98 *Id.* 140. On the question of the right of the inferior court, pending the appeal, to amend the record to show the true history of the proceedings before the appeal was taken, see *Apgar's Administrators* v. *Hiler,* 24 *Id.* 808; *Bull* v. *International Power Co.,* 84 *N. J. Eq.* 6, 209; *affirmed,* 85 *Id.* 206; *Roseberg* v. *American Hotel and Garden Co.,* 95 *Id.* 640; *Raiken* v. *Montefiore Cemetery Association, Inc.,* 123 *Id.* 168; *Bohny* v. *Associated Dyeing and Printing Corp.,* 12 *N. J. Mis. R.* 259. But, whatever the power in this regard, it does not extend to interference with the rights of the parties under the judgment.

However, the jurisdiction of this court has been restored. When this view was communicated to counsel, plaintiff moved the Court of Errors and Appeals for a dismissal of the appeal, and the motion was granted. And his application for a vacation of the judgment is now renewed.

*Second:* Judgment is the conclusion of law, upon the facts found or admitted by the parties, or upon their default, in the course of the suit. Under the English common-law practice, except when the court are equally divided in opinion, it is either for the plaintiff, or defendant: for the former, by

confession, *non sum informatus,* or *nihil dicit;* for the latter, on a *nonpros,* discontinuance, *nolle prosequi, stet processus, cassetur billa vel breve, retraxit,* nonsuit, or as in case of a nonsuit; and for either party, upon demurrer, *nul tiel record,* or verdict. *Tidd's Prac.* 930. Within the time limited by the rule to reply, or order for further time, the plaintiff either moves the court to set aside the plea, if unfounded; or, admitting it to be well founded, in point of fact as well as law, he discontinues his action, enters a *nolle prosequi, stet processus,* or *cassetur billa vel breve,* or in an action against an executor or administrator, takes judgment of assets *in futuro,* &c.; or, admitting the fact, he denies the law by a demurrer; or, admitting the law, he denies the fact, or confesses and avoids it, or concludes the defendant by matter of estoppel. *Id.* 677. If the plaintiff do not reply within the time limited, the defendant may sign a judgment of *nonpros.* This is a final judgment, on which the defendant may tax his costs, and take out execution. *Id.* 676. And if the defendant do not rejoin, rebut, &c., it is deemed an abandonment of the plea in respect of which he ought to have rejoined, &c.; and if there be no other plea to the same part of the cause of action to which the plea in respect of which he has neglected to rejoin, &c., is pleaded, the plaintiff may strike out the previous pleadings having reference to such cause of action, and sign judgment as to the same as for want of a plea. If the plaintiff, on the other hand, do not surrejoin, or surrebut, within the time limited, the defendant may sign a judgment of *nonpros. Chitty's Archbold's Prac.* 304; *Tidd's Prac.* 563, 693.

But, unlike a *retraxit*—a final renunciation in open court of the plaintiff's right of action, on the theory of full satisfaction, and therefore a dismissal of the suit with prejudice— a *non prosequitur,* as in case of a nonsuit, is not an adjudication of the merits, and therefore does not put an end to the cause of action, but merely terminates the suit itself. Judgment of *nonpros* is a final judgment against the plaintiff for costs only, signed by the defendant, whenever the plaintiff, in any stage of the action, neglects to prosecute his suit, or part of it, within the time limited by the practice of the court

for that purpose. After being *nonprossed,* the plaintiff may commence a new action against the defendant for the same cause. *Chitty's Archbold's Prac.* 1479, 1482. The judgment of *nonpros* is like unto an involuntary nonsuit. Technically, a nonsuit is the judgment after issue joined for failure of proof or non-prosecution of the action. A *nonpros* may be entered for failure of timely pleading. Like a nonsuit, it is only a default, and a dismissal of the action without prejudice.

And, strictly speaking, a "judgment by default" is one taken against a defendant who, having been duly summoned, fails to answer the complaint within the alloted time. Such a judgment is "an implied confession of the action," and is "either by *non sum informatus* where the defendant's attorney having appeared, says that he is not informed of any answer to be given to the action; or by *nil dicit,* where the defendant himself appears, but says nothing in bar or preclusion thereof." *Tidd's Prac.* 562, 3.

At common law, the failure to reply did not constitute an admission of the factual allegations of the answer so as to warrant a judgment on the pleadings, final and conclusive upon the rights of the parties; nor is this now so under the statute.

The purpose of pleading in civil actions is to define the issues; and at common law an issuable plea is a plea in chief to the merits, upon which the plaintiff may take issue, and go to trial. *Tidd's Prac.* 471. While some of the state civil procedure codes and practice acts countenance judgment on the pleadings, conclusive of the merits, for failure to reply in conformity with the rules, such is not the case with ours. The Practice Act of 1903 (*Comp. Stat., p.* 4048) was grounded in the common-law rules of pleading; and so was the supplement of 1912 (*Pamph. L., p.* 377), now incorporated in the Revision of 1937, although the supplement effected radical innovations in pleading and practice. Its prototype is the English statute regulating common-law procedure. Under our statute, it is not permissible to render judgment on the pleadings, preclusive of the right of action itself, for failure of timely reply. In such circumstances, the defendant may have judgment of nonsuit only. *R. S.* 2:27–191

(a substantial re-enactment of *Section* 14 *of the Practice Act of* 1912) provides that "judgment of nonsuit or by default" may be entered against "either plaintiff or defendant for failure to plead according to rules." The draftsman of the original act evidently had in mind the continued recognition of the common-law principle, for the provision was that "judgment of nonsuit or by default" may be entered "against plaintiff or defendant *respectively*" for such default in pleading. *Pamph. L.* 1912, *p.* 379. The provision was carried into the Revision in somewhat different language, but the changes were of phraseology merely, and not of substance. *Vide Crater* v. *Somerset County,* 123 *N. J. L.* 407. The records of the revisors reveal that they had in view "editorial changes only."

Considered in the light of the rule at common law and the modifying English statutes, the policy of this provision is the preclusion of a judgment against the plaintiff as on the merits for mere failure to make reply according to the rules. A dismissal of the action with prejudice is not justifiable where the merits have not been adjudicated. It is of the very essence of the judgment of nonsuit that it does not serve as a bar to another action for the same cause. *Snowhill* v. *Hillyer,* 9 *N. J. L.* 38; *Beckett* v. *Stone,* 60 *Id.* 23; *Penrose* v. *Absecon Land Co.,* 94 *N. J. Eq.* 436. As to the practice where the defendant has a direct interest in having the cause put at issue and tried, see *Franklin* v. *Estell's Executors,* 29 *N. J. L.* 264.

Let the judgment be vacated, with leave to plaintiff to reply to the answer within twenty days from the entry of the rule, or to take such other course as may be warranted in law.