17 N.J. Super. 505 (1952)
86 A.2d 293
MAYFLOWER INDUSTRIES, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
THOR CORPORATION, AN ILLINOIS CORPORATION, AND TELDISCO, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 25, 1952.
*506 Mr. Alfred C. Clapp for the plaintiff (Messrs. Ruback, Albach & Weisman, attorneys).
Mr. Thomas J. Brogan for the defendant Thor Corporation.
Messrs. Kapelsohn. Lerner, Leuchter & Reitman, attorneys for the defendant Teldisco, Inc.
*507 FREUND, J.S.C.
The issue for consideration is this: Should an order dismissing plaintiff's complaint with prejudice be vacated under Rule 3:60-2 because of counsel's mistake of law? The answer depends upon the determination of (1) the effect of the dismissal of the complaint with prejudice, and (2) whether counsel's mistake of law is the kind of mistake contemplated by the rule.
The facts of this litigation are fully stated in the opinions of Judge Francis, 15 N.J. Super. 139 and 337 (Ch. Div. 1951). For the purposes of the motion now before the court, these are the pertinent facts: The plaintiff had instituted an action against the defendant, Thor Corporation, for alleged breach of contract for the exclusive distributorship of the defendant's products within specified territory. On the basis of affidavits submitted to the court, the plaintiff obtained an order restraining the defendant pendente lite from distributing its products to anyone except the plaintiff. The defendant filed a counterclaim charging the plaintiff with malicious prosecution and seeking damages for losses sustained by reason of the injunction. Preparatory for trial, each party sought an inspection of the books and records of the other, and the defendant also sought inspection of the records of corporations affiliated with or controlled by the plaintiff. Thereupon the plaintiff voluntarily dismissed its complaint, allegedly upon the advice of its counsel that thereby the inspection of the records of the affiliated corporations would be avoided. On May 28, 1951, an order was duly entered, the pertinent part of which reads as follows:
"The plaintiff, before the date fixed for pretrial conference and before the date fixed for trial, having moved orally before this Court for leave to dismiss the plaintiff's complaint without prejudice; and the defendants having opposed the dismissal of the action unless it be granted with prejudice * * *
It is, on this 28th day of May, 1951, ORDERED as follows:
1. The plaintiff's complaint is hereby dismissed with prejudice to the institution of any other suit against the defendants or either of them in any court for the causes set forth in plaintiff's complaint herein. Said dismissal is made without any determination of the merits of the controversy. * * *"
*508 In the course of his opinion, 15 N.J. Super. 139, Judge Francis adverted to the circumstances under which the foregoing order was entered. He said, at page 160:
"Plaintiff refused to permit this broad discovery and on application to the court by defendant, it indicated a willingness to permit inspection of its records so far as they related to the products manufactured by Thor, but it was unwilling to allow any further examination. At the argument of the motion, the court studied the list of records the defendant wished to examine, and without detailing here the reasons therefor, ruled that an order would be entered permitting such inspection. Thereupon, plaintiff announced its decision to dismiss the action and said further that the dismissal would be with prejudice if the defendants would take a like step with respect to their counterclaims. Defendants refused and plaintiff's suit was then dismissed with prejudice."
No appeal was taken from the entry of the order dismissing the complaint with prejudice and the time for appeal has long since expired.
Contrary to the opinion of plaintiff's counsel, the court on December 3, 1951, granted the defendant on its counterclaim an order for inspection of the books and records of the plaintiff and its affiliated corporations. Thereupon, the plaintiff moved to vacate the order dismissing the complaint with prejudice because of its counsel's mistaken opinion as to the extent of the defendant's right of inspection of the books and records of plaintiff's affiliates, that the order as entered was broader and more comprehensive than the plaintiff and its counsel had anticipated, and that they would not have dismissed the complaint with prejudice but for such opinion. Thus, the application is, for all practical purposes, to reinstate the complaint. The relevant portion of Rule 3:60-2 is as follows:
"Mistake; Inadvertence, Excusable Neglect; Newly Discovered Evidence; Fraud, etc.
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."
*509 The foregoing rule substantially follows Federal Civil Rule 60(b) as amended, which is based upon California Code, Civil Procedure (Deering, 1937), sec. 473. See also N.Y.C.P.A. (1937), sec. 108; 2 Minn. Stat. (Mason, 1927), sec. 9283 (now M.S.A. 544.32); Moore & Rogers, Federal Relief from Civil Judgments, 1946; 55 Yale Law J. 623, 659-682; 3 Moore's Federal Practice (1938), 3254 et seq.; 2 Waltzinger, New Jersey Practice, 941 et seq. The former Court of Chancery had the same power in an appropriate case. Carpenter v. Muchmore, 15 N.J. Eq. 123 (Ch. 1862); Embury v. Bergamini, 24 N.J. Eq. 227 (Ch. 1873); Day v. Allaire, 31 N.J. Eq. 303 (E. & A. 1879); White v. Smith, 72 N.J. Eq. 697 (Ch. 1907); Boyer v. Boyer, 77 N.J. Eq. 144 (Ch. 1910); Kocher's Chancery Practice, page 438 et seq.; 1 Kocher and Trier, New Jersey Chancery Practice and Precedent, secs. 680, 681 and 682, pages 404 et seq.
The primary question is the effect of the order dismissing the complaint with prejudice. Unless it is based on matters going to the merits, a dismissal should ordinarily be without prejudice. Ross v. C.D. Mallory Corp., 132 N.J.L. 1 (Sup. Ct. 1944); Glasser v. Feller, 141 N.J. Eq. 572 (Ch. 1948); Tsibikas v. Morrof, 5 N.J. Super. 306 (App. Div. 1949). Indeed, Rule 3:41-1(b) which refers to voluntary dismissal by order of the court provides: "Except as provided in Rule 3:41-1(a), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order a dismissal under this paragraph is without prejudice." The dismissal of a party's cause of action with prejudice is drastic and generally not to be invoked. Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951). The term "with prejudice" has a well-recognized legal import. It is the converse of "without prejudice" and concludes the rights of the parties as if the suit had been prosecuted to final adjudication adverse to the plaintiff. Paragraph 1 of the order under consideration expressly provides that the complaint is *510 "dismissed with prejudice to the institution of any other suit against the defendants or either of them in any court for the causes set forth in plaintiff's complaint herein. Said dismissal is made without any determination of the merits of the controversy." The last sentence did not mitigate or detract from the force and effect of the order, for although there was no hearing, plaintiff's voluntary dismissal of its complaint with prejudice operates as an adjudication on the merits. Chirelstein v. Chirelstein, 12 N.J. Super. 468 (App. Div. 1951). In a concurring opinion, Judge Jacobs said, at page 487: "I consider that the decree dismissing the 1939 bill of complaint with prejudice was intended to and did operate as an adjudication on the merits which, there being no appeal, effectively barred the plaintiff from reasserting the same cause of action in a later proceeding." Mayflower Industries, Inc., v. Thor Corporation, supra. Conner v. Cornell, 32 Fed.2d 581 (C.C.A. 8, 1929), certiorari denied, 280 U.S. 583, 74 L.Ed. 632, 50 S.Ct. 34 (1929); Mars v. McDougal, 40 Fed.2d 247 (C.C.A. 10, 1930), certiorari denied, 282 U.S. 850, 75 L.Ed. 753, 51 S.Ct. 28 (1930); Union Indemnity Co. v. Benton County Lumber Co., 179 Ark. 752, 18 S.W.2d 327 (Sup. 1929); Harris v. Moye's Estate, 211 Ark. 765, 202 S.W.2d 360 (Sup. 1947); DeGraff v. Smith, 157 P.2d 342 (Ariz. Sup. 1945); In re Crane's Estate, 343 Ill. App. 327, 99 N.E.2d 204 (App. Ct. 1951); Hargis v. Robinson, 70 Kan. 589, 79 Pac. 119 (Sup. 1905); Noakes v. Noakes, 290 Mich. 231, 287 N.W. 445 (Sup. 1939); Annotation, 149 A.L.R. 625; 17 Am. Jur., 1951 Supplement, sec. 78, page 26.
Where a counterclaim has been filed so that both parties become actors, "the court will not permit the plaintiff to discontinue, if the defendant insists on a judgment which will end the controversy." Chapin Hall Lumber Co. v. Dalrymple, 53 N.J.L. 267 (Sup. Ct. 1891); Estell's Execs. v. Franklin, 29 N.J.L. 264 (Sup. Ct. 1861). Here, the plaintiff voluntarily moved for dismissal without prejudice, the defendants who had filed counterclaims resisted, and the *511 court thereupon entered the order of dismissal with prejudice, expressly providing that it operate as a bar to future actions. The effect of this order is as though there had been an adjudication on the merits adverse to the plaintiff. Kelsey v. Dilks, 74 N.J. Eq. 270 (Ch. 1908), affirmed 77 N.J. Eq. 269 (E. & A. 1910).
Is the mistake of plaintiff's counsel the kind of mistake contemplated by Rule 3:60-2? To allow the plaintiff's motion would reinstate the complaint. It is noteworthy that the mistake does not pertain to the merit or justice of the plaintiff's cause of action against the defendants. The sole basis for the application is counsel's mistake in underestimating, misevaluating or misjudging the court's right to order an inspection by the defendant of the books and records of corporations affiliated with or controlled by the plaintiff. Counsel advised the plaintiff "that an examination by unfriendly eyes of the business affairs of his companies with respect to products unrelated to the controversy was an unwarranted invasion of his rights and an abuse of the rules relating to discovery." The court, however, felt otherwise.
Even if counsel were mistaken as to the effect of the dismissal of the complaint upon the extent of the right to inspection, they do not appear to have been under any misapprehension or mistake as to the effect of the dismissal of the complaint with prejudice, and their failure to apply to the court for its modification or to appeal within the appropriate time is significant. They knew, or must have known, that the order was in the nature of and operated as an adverse final judgment upon the merits. Conceding, therefore, that counsel did not anticipate that the court would grant so broad an order of inspection and that they were sincerely of the opinion that a more circumscribed order would be entered, limited to the books and records of the plaintiff corporation, nevertheless, such mistake in opinion, made in good faith, cannot be ground for vacation of this order. It is not the kind of mistake contemplated by the rule. Such an order or judgment cannot be opened for counsel's mistaken opinion *512 or advice. Warner v. Warner, 31 N.J. Eq. 549 (Ch. 1879); McDowell v. Perrine, 36 N.J. Eq. 632 (E. & A. 1883); Apgar v. Altoona Glass Co., 92 N.J. Eq. 352 (Ch. 1921); Williams v. Knox, 10 N.J. Super. 384 (Law Div. 1950).
In Warner v. Warner, supra, Vice-Chancellor Van Fleet said:
"This part of the application rests exclusively upon an error of judgment of his counsel, and alleged surprise. His counsel, he says, thought the proofs were not sufficient to entitle the complainant to a decree, and, therefore, advised him not to put in all his proofs. The court, unfortunately, reached a different conclusion, and has adjudged that the complainant is entitled to its decree. * * * His application is, I think, without precedent. I am sure it cannot be granted without giving litigants a most dangerous license, under which they will be at liberty to experiment and trifle with the administration of justice, as their caprice or interest may dictate. * * * Error of judgment, or mistake of law by counsel, has never been esteemed sufficient reason for granting a new trial. More than one hundred fifty years ago, a judge of the Queen's Bench said: `The mistake of the judge or jury is good cause for a new trial, but I never yet heard that the mistake of counsel was so.' * * * The application under consideration is, in all essential particulars, an application for a rehearing. Such applications are never granted because counsel has committed an error of judgment in the conduct of his cause."
In McDowell v. Perrine, supra, Mr. Justice Parker declared:
"He (McDowell) now comes to this court and in effect says, My counsel * * * committed an error * * *; give me another chance and I think I can make out a better case. Under the circumstances, the granting of a rehearing in this case would furnish a precedent which would lead to almost interminable litigation. * * * It is well established that a client is bound by his counsel in his management of a cause, and the court will not grant another trial, * * * unless the conduct of the counsel was fraudulent. * * * In this case * * * an exercise of judgment on the part of counsel * * *, if it proved to be an error of judgment, is not ground for rehearing."
Counsel argue that this case is distinguishable, because here there had been no adjudication on the merits, whereas in *513 the Warner case and those following it, the application was made after the case had been fully heard. The fallacy of this contention is that counsel do not accord to their order of dismissal with prejudice, the operation and effect which the law bestows upon it, namely, as though it had been entered after an adjudication on the merits.
Accordingly, the application is denied.