HENNINGER et al.

*v.*

HEALD et al.

1. The dismissal of a bill is no bar to a subsequent suit for the same cause of action where it does not appear that the former suit was between the same parties and that it was tried upon its merits.

2. Where it appears that the rights of one of the complainants, which he holds by assignment from the other, depends entirely upon the success of that other, the general statement showing that the extent of his rights is to be determined by the amount which he shall have advanced, the rule requiring certainty to a common intent is complied with, or if not, a reasonable exception is presented, since from the nature of the case the amount to be advanced is uncertain.

3. Upon the question of laches it is not material that it does not appear when the interests of a co-complainant were acquired, if such interests depend entirely upon the success of the complainant.

4. On a bill filed to rescind a contract on the ground of fraud, if it is alleged that the property which the complainant took title to under the contract was sold and conveyed by virtue of a prior existing lien so that he was thereby unable to restore it to the defendant, a demurrer will not offer to restore it.

5. Where suit was commenced within three months after the discovery of the alleged fraud, for the rescission of the contract, which suit was dismissed without hearing upon its merits and without the words "without prejudice," and another suit commenced for the same cause within a reasonable time, the complainant is not chargeable with laches.

6. It is not multifarious to bring all the parties into court as defendants who are alleged to have some interest in the subject-matter of the controversy whether as original contractors or as their grantees or assignees.

On demurrer.

*Mr. R. Wayne Parker*, for the demurrer.

*Mr. Theodore Little, contra.*

BIRD, V. C.

Amongst the various causes assigned for demurrer to the bill of complainant in this cause, one is that the former bill involv-

Henninger v. Heald.

ing the same issues had been filed and had been dismissed without adding the saving clause " without prejudice." It is important to determine the value of this assignment of demurrer in the outset, because the result must necessarily aid in determining the cause first assigned, which will be considered next after the present inquiry is concluded. The present bill states that the former bill was dismissed for want of proper parties, and that the cause was not tried upon its merits. Counsel for Heald insists that the absence of the phrase " without prejudice " is sufficient warrant under the authorities, and that such authorities make it the duty of the court to dismiss the present bill. I think there can be no doubt whatever that where a bill has been dismissed, as the one referred to above was, and another bill is filed between the same parties based upon the same subject-matters, the court may in its discretion dismiss the latter bill without a hearing; but it seems to me that unless the court is satisfied that the proceedings on the part of the complainant are vexatious and the allegations are to the effect that the complainant has been imposed upon and defrauded by one or more of the defendants, it then becomes the duty of the court to sustain the latter bill. The authorities are to this effect. *1 Greenl. Ev.* §§ *529, 530.* In the case of *Hughes* v. *United States, 4 Wall. 232,* it appeared that one Sewell had commenced a suit respecting his rights under a patent, which was carried on through various stages, but that the suit was dismissed before final hearing upon the merits for want of jurisdiction and want of proper parties, and also because of defective statements as to cause of action. The court said : " It requires no argument to show that judgments like these are no bar to the present suit. In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceedings, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Wells Res Adjudicata*

§ *455 &c.; Bigelow* v. *Winsor, 1 Gray 301.* This last case shows what is believed to be the general practice: that when a bill is dismissed and the court intends to protect the complainant against an estoppel, it usually adds to its decree that it shall be without prejudice. But I cannot conceive for a moment that the absence of those words is a bar to all future consideration of the equitable rights of the parties. *Brandlyn* v. *Ord, 1 Atk. 571; Behrens* v. *Pauli, 1 Keen 456, 460; Big. Estop. 121; Longstreet* v. *Phile, 10 Vroom 63.*

Another cause assigned for demurrer is the uncertainty of the allegations setting forth the rights and interest of Mr. Lente, one of the complainants, and the absence of any statement as to the time when he acquired any interest. The statement is that the complainant Henninger, because of losses and consequent inability to carry on the suit, "assigned to his said co-complainant an interest in his said claim and in said land, if the same shall be recovered, so that your said orators have a joint interest in said claim." It is urged that the defendants have a right to know the exact extent or value of Mr. Little's interest. From the nature of the assignment, this is impossible, because it is uncertain how much may be required of him to carry on the suit to completion. Besides, from the nature of the statement that the interests of the complainants are joint, the defendants have no concern as to the extent of the rights of either, since a decree founded upon such an allegation will be a joint decree and will be an effectual bar against any further or other claim by either of the complainants against any of the defendants. If there be any uncertainty, it will devolve upon the complainants to settle that as between themselves, after they have obtained a decree. Nor do I think this particular assignment of cause for demurrer is sustained by the absence of any statement of any time when the assignment was made to Mr. Little. There can be no doubt that the allegation of the time when contracts are entered into is of great consequence and can seldom be dispensed with, but in this case it seems to me we have an illustration of a reasonable exception to the general rule, for Mr. Little's interests, as against the defendants, are dependent wholly upon the success of Mr.

Henninger. If Mr. Henninger fails, so likewise must Mr. Little. As the record stands, no independent or separate rights have been assigned to Mr. Little; there seems to be nothing that would justify him in bringing suit in his own behalf. As above intimated, his interest in the matters in controversy are dependent wholly upon the success of Henninger. Hence, if Henninger be properly in court, if he has not been guilty of laches, then Mr. Little certainly is entitled to be regarded in the same light.

Another cause assigned for demurrer is the inability of the complainant Henninger to restore to the defendants the Blanchard farm, the title to which he obtained under the contract which he now seeks to rescind. The bill shows that there was a large mortgage, considering its whole value, upon this farm, and that after the execution of the contract Henninger became financially very much reduced, so that he was unable to discharge the said mortgage, and that judgment was obtained thereon, by virtue of which the farm was sold, in consequence of which it was impossible for him to restore it to the defendants. This allegation brings the case within what may be regarded as an exception to the long-established general rule laid down by the court of errors and appeals. *Doughten* v. *Camden B. & L. Asso.*, *14 Stew. Eq. 556, 561*. It is there stated that there must be prompt repudiation and restoration as far as possible. *Byard* v. *Holmes*, *4 Vr. 119*; *Masson* v. *Bovet*, *1 Denio 69 (43 Am. Dec. 651)*; *Durrett* v. *Simpson*, *3 J. B. Mon. 517*; *Duncan* v. *Jeter*, *5 Ala. 604*.

As to the laches of the complainant in bringing his suit assigned as cause of demurrer, I cannot but remark that it has demanded my most serious consideration; but while I think it may appear from the pleadings that a party has been guilty of such laches in asking the aid of the court that a demurrer will be sustained, yet, as in this case, where a bill was filed within three months after the discovery of the fraud, but which was dismissed for want of proper parties, and without hearing of the merits, and another bill filed within a reasonable time for the same cause of action, joining another party as a complainant, a demurrer for laches ought not to be sustained.

As I read the bill of complaint, it shows that all the parties who are made defendants have an interest in the lands out of which the complainant Henninger claims he was defrauded, or an interest in the moneys which have been realized from the sale of said lands. This being so, and it being alleged that each of them had knowledge of the rights of the complainant, it does not seem to be multifarious that they should all be made defendants and required to answer.

I think the demurrer should be overruled, with costs.