EDWARD M. DAVIS

*v.*

HENRY L. DAVIS.

[Filed October 25th, 1898.]

A plea which sets up as a defence matters which appear upon the face of the bill, will be overruled. The defendant should demur in such case.

On amended bill and plea thereto.

*Mr. Peter Backes* and *Mr. John J. Joyce*, for the complainant.

*Mr. Isaac S. Taylor*, for the defendant.

GREY, V. C.

The complainant in this cause filed his original bill against the defendant, who had been the administrator of his father's estate, administrator *de bonis non* of his mother's estate, and also guardian of the complainant; all under appointments by the surrogates of Kings county and Westchester county, New York.

In the original bill the complainant alleged that the defendant had been appointed administrator as above stated, and that he had received assets of the estates named, and had, under the compulsion of legal proceedings, accounted as administrator, &c. He further alleged that "the defendant, Henry L. Davis, was, on the 10th day of August, 1881, duly appointed by the honorable surrogate's court of Kings county, general guardian of your orator." And that the defendant in his account as administrator *de bonis non* of complainant's mother, filed in the surrogate's court of Westchester county, New York, had stated that the defendant "had paid over unto himself as general guardian of your orator on the 20th day of August, 1884, the sum of $5,080, with which sum he then and there charges himself, and then and

Davis v. Davis.

there states that as general guardian of your orator he is prepared to account at the proper time and place to your orator." The original bill then alleged that the defendant had not accounted as guardian; that the complainant had come to be of full age; that the defendant had by reason thereof become holder of the complainant's estate simply as trustee for him, and was bound to pay over to him the residue thereof not lawfully disbursed; that when an accounting was about to be compelled by legal proceedings in New York, the defendant solicited and obtained the complainant to make a voluntary settlement, and by means of false accounts and statements fraudulently procured the complainant to accept a cheating settlement of the guardianship, and fraudulently induced him to give to the defendant a release as guardian, &c. And the complainant prayed that this settlement and release might be set aside; that the defendant might discover assets and evidences of investment, &c., and might account in this court.

This bill the defendant answered in part, and demurred as to the residue. He admitted the granting of letters of administration as stated in the bill, and in express terms answered and admitted that he was "on or about the 10th day of August, 1881, duly appointed by the surrogate's court of Kings county (in the State of New York) general guardian of the complainant," &c. He demurred to "all that part of the said bill which seeks an accounting in this court from this defendant of and concerning his said guardianship, and the setting aside and cancellation of the deed of release," &c., and to the prayer for the cancellation of the release, and for discovery and accounting as guardian, alleging as cause of demurrer that "the complainant has not made or stated such a case as entitles him in this honorable court to the relief prayed," &c.

The demurrer came to a hearing before the chancellor, who filed an opinion on January 11th, 1897 (*10 Dick. Ch. Rep. 37*), sustaining it upon the ground that the bill did not sufficiently state the particulars wherein the complainant claimed the defendant had defrauded him. Leave was given to the complainant to amend his bill.

Davis v. Davis.

The complainant has amended his bill, setting out the circumstances of the fraudulent acts charged, and to the whole amended bill the defendant has now filed his plea, alleging that he had never been appointed guardian of the complainant in any court in New Jersey; that his only appointment as guardian was made by order of the surrogate's court of the county of Kings, in the State of New York; that he had there qualified and given bond for the performance of his duties as guardian, and that all the assets which came to his hands as such guardian came to his hands in the State of New York, and he avers that this court has no jurisdiction over the subject-matter of this suit or to compel his accounting, and that such jurisdiction pertains and belongs only to the surrogate's court of the county of Kings, in the State of New York, or such other court in the State of New York as may have concurrent jurisdiction in such matters.

The present hearing is upon the sufficiency of the defendant's plea. The jurisdiction of this court over the general subject-matter of accounts and the setting aside of releases fraudulently obtained is not challenged by the plea, but only its assumption of jurisdiction over the defendant touching the questions here in dispute, because it is claimed that, having been appointed guardian in another state, he can only be called to account for his guardianship in the court which, in that state, has jurisdiction over such matters, and it is contended that the alleged fraudulent release recognizing the guardianship settlement is merely collateral to this main question.

The facts of the defendant's appointment as guardian by the New York court and his receipt of assets there were, as above shown, set out in the original bill, to which he demurred. He was thus afforded the opportunity, had he desired to assert their efficacy to relieve him from discovery, accounting, &c., in this court, to have made an issue upon the point by setting up his present claim as one of the grounds of demurrer to the original bill. Instead of this he answered the original bill in this particular, admitting his appointment as guardian to have been

made in a New York court, as alleged, and did not refer to the present contention as a ground of demurrer.

The amended bill and the original bill, as to the allegations of appointment of guardian by the New York court and receipt of assets there, are phrased in precisely the same words. The defendant now restates, by way of plea to the amended bill, facts which were already before the court in both the original and amended bills, and upon this bases his present defence that this court should not take jurisdiction over him touching this matter.

A defendant who has answered an allegation in a bill cannot restate it by way of plea and challenge the jurisdiction of the court over him to which he has thus already submitted. He may demur to one part of the bill, plead to another and answer a third (*Story Eq. Pl. 647*), but it is an essential requisite of a plea that it shall be founded upon new matter not apparent in the bill, for if the matter is so apparent the defendant must demur. The plea (unless it is of a purely negative character, denying and thus putting in issue some facts alleged in this bill) must aver facts to which the plaintiff may reply, and cannot, in the nature of a demurrer, rest on facts stated in the bill. *Story Eq. Pl. 660; Bicknell* v. *Gough, 3 Atk. 558.* So where a plea set forth a decree of a court which was recited in the bill and brought no new matter upon the record it was overruled (*Roberts* v. *Hartley, 1 Bro. Ch. C. 56*), and in *Billing, Assignee of Burkitt,* v. *Flight, 1 Madd. 130,* where the objections set up by way of plea appeared on the face of the bill, demurrer was held to be the proper mode of defence and the plea was overruled.

Whatever force the defence might have if effectually presented rests in the assertion of a personal privilege of the defendant to be called to account only in the jurisdiction where he was appointed. This he may waive by his own act or omission. If he had a right to be called to account only in New York, he must, by the course he has taken in answering in this case as to the facts set up in his plea, be deemed to have submitted himself to the jurisdiction of this court.

This position of the pleadings renders it unnecessary to deter-

mine the sufficiency of the matter set up by way of plea, that as guardian appointed in New York he can only there be called to account, or the replying argument of the complainant to the effect that the bill claims that the defendant as to the estate of his ward has, since the latter came of age, ceased to be guardian and holds merely as a naked trustee, clothed with no other authority over his late ward's estate than mere custody, and liable to be called upon to account anywhere that the jurisdiction of any competent court may be obtained over him.

The plea under consideration does not state that the defendant is now a resident of New York, nor that the assets he received as guardian are now there, nor that any proceeding against him for an accounting is pending in New York. For all that appears by the plea, conceding it to be true, a complainant, formerly a ward, but who has come of age and resides in New Jersey, may be in dispute with the former guardian who was appointed by a New York court but resides in New Jersey, touching the accounting for his guardianship. The personal estate due to the former ward, though received in New York, may now all be within this state and all payable to the late ward, and he may have filed this bill as the only proceeding to compel an accounting. The parties may both be domiciled in New Jersey; the subject-matter of the controversy may be located here, and the right to delivery or payment of the whole of that subject-matter may actually be in the former ward who brings the suit.

Many decisions are referred to by the counsel for the defendant, touching the forum in which executors and administrators, or trustees under a will, may be called to account for personal estate; but the accounting of executors and administrators involves the interests of creditors of the decedent, and that of trustees under a will may require the construction of the will which the testator made in view of the law of his domicile. When such trusts are active, they are usually to be enforced in the state of the domicile of the decedent. They stand in a different position from an accounting by a guardian when the former ward has come of age, where the accounting is wholly between these two, and the entire balance of the property is de-

liverable or payable to the former ward. The suit is *in personam* against the guardian, and if jurisdiction over him has been obtained by service of process, decree may be enforced without difficulty. That the relation of the parties arose in a foreign state does not of itself deprive this court of jurisdiction. *Rosenbaum* v. *Garret, 41 Atl. Rep. 252.*

The plea in this case stands wholly upon the original appointment by a New York court and the receipt of assets there, and asserts as a defence that the former guardian can in such case be called to account for those assets only in the state in which he was appointed. The sufficiency of such a defence seems to be quite doubtful, but in view of the course of pleading in this case its determination is not necessary.

I will advise an order that the plea be overruled, with costs.