JOHANNA SPENCE

*v.*

THOMAS H. SPENCE.

[Decided October 12th, 1908.]

.1. In a suit for divorce *a mensa et thoro* on the ground of extreme cruelty, if the facts constituting the alleged cruelty are disproved, a decree dismissing the petition of complaint will operate *res judicata* and be a bar to pleading or proving the same facts in any subsequent suit; but if the facts be true, but insufficient to entitle the petitioner to relief, then a decree of dismissal may be entered without prejudice to the petitioner's right to plead and prove the same facts in addition to any other or others which may afford the ground of a subsequent suit against the defendant.

2. Facts of this case held to be insufficient in law to entitle the petitioner to relief.—*Held*, also, that the petition should be dismissed, but without prejudice.

On petition for divorce *a mensa et thoro.* On final hearing on pleadings and proofs.

*Mr. Marvin A. Spaulding* and *Mr. Barton B. Hutchinson,* for the petitioner.

*Mr. John Sykes* and *Mr. Linton Satterthwait,* for the defendant.

WALKER, V. C.

This is essentially a fact case, and, at the close of the hearing, I took occasion to remark that I was in a state of dubiety con-

cerning the decision. I regarded, and regard the case as a very close one. Upon the hearing I also remarked that unfounded charges of adultery by the husband against the wife were the principal facts of the alleged extreme cruelty. In *Black* v. *Black, 30 N. J. Eq. (3 Stew.) 215,* Vice-Chancellor Van Fleet (at *p. 221*) used this language: "Slight violence by a husband who has evinced a hatred almost diabolical, against his wife, in attempting to blast her reputation by fabricating a charge of adultery against her, has been deemed sufficient." So, it appears there must be some form of violence coupled with a false charge of adultery to entitle a wife to a decree, and it seems it need not be then actual infliction of physical injury, but may be threatened only, provided there be reasonable ground to apprehend that it will be inflicted. *Close* v. *Close, 25 N. J. Eq. (10 C. E. Gr.) 526; Smith* v. *Smith, 40 N. J. Eq. (13 Stew.) 566, 594.*

The defendant in this case seduced his wife before marriage, and whether from that fact or not, he seems to have taken more or less delight during the ten years they lived together in denying the parentage not only of his first but his second child. He frequently informed his wife, and several times in the presence of others, that he was not the father of her children. This, of course, amounts to a charge of adultery as to the last child and fornication with someone other than himself as to the first child. There were also some acts of violence testified to, but they were few and far between and not severe. He was also guilty of some acts of cruelty not violent in character.

The rule is that a divorce from bed and board for extreme cruelty is not granted by way of punishment for past offences, but as a preventive measure, to protect the health or life of the wife from threatened danger in the future. *Weigel* v. *Weigel, 60 N. J. Eq. (15 Dick.) 322.* Now, the effect of Mrs. Spence's testimony is that her greatest apprehension, if not her only fear of her husband, that is, fear of bodily harm, from him, is the fact that he had a revolver in the house. He did tell her that he would show her what he would do with it, but she admits that he never pointed it at her or threatened her directly with it in any way.

Spence, upon the witness-stand, expressed a desire to have his wife return to him, and promised to treat her well in the future. His conduct toward her in the past, to say the least of it, was that of a dastard, and it may be regrettable that the evidence, under the authorities, does not entitle her to a decree. His conduct was certainly intolerable at times, but did not, in my judgment, according to the adjudications, amount to what in the law of this state is denominated extreme cruelty. In this cause, as I view it, the petitioner just falls short of making a case under the law.

It is certainly not to be regretted that in dismissing the wife's petition in this case, I may do it without prejudice to her, so that if she should accept his proffer and renew marital relations with him, then, in the event of any other outbreak on his part, justifying another appeal by her to this court, the offences which were made the subject of her present complaint will be available to her in addition to any fresh outbreak he may commit. This course was adopted in *English* v. *English*, *27 N. J. Eq. (12 C. E. Gr.) 579*, in which the court of errors and appeals said (at *p. 586*) : "The bill will be dismissed without prejudice, so that the facts urged in this complaint may be used if the case should again be brought before the court." Such will be the decree in the case at bar.

I have no hesitation in pronouncing the rule to be this: If the facts constituting the alleged cruelty are disproved, a decree dismissing the petition of complaint will operate *res judicata* and be a bar to pleading or proving the same facts in any subsequent suit; but that if the facts be true, but insufficient to entitle the petitioner to relief, then a decree of dismissal may be entered without prejudice to the petitioner's right to plead and prove the same facts in addition to any other or others which may afford the ground of a subsequent suit against the defendant.

Too often, I fear, men like Spence interpret a decree dismissing absolutely a wife's complaint in causes like this as a judicial endorsement, and they consequently feel that they can continue their cruel course of conduct toward their wives with impunity. Whenever it is possible in a case of this kind they should be in-

formed otherwise, and given to know that if their wives return to them, a repetition of the past, coupled with the past, is likely to lead to a judicial separation with an award of the custody of children and alimony against them of a permanent character.