DINAH SCHNEIDER et al.

*v.*

EMMA SCHMIDT et al.

[Decided December 28th, 1914.]

1. A decree in a judgment creditor's suit against a chattel mortgagee, who took possession of the mortgaged chattels in 1907 for an accounting, in which the right to such relief was based on an execution levy made in 1911, and in which no claim under any earlier execution was made or set up, dismissing the bill on the ground that, as against the complainants claiming under such execution, the defendants were entitled to hold as owners and not as mortgagees in possession, and that complainants, under such levy, had no right to redeem, did not bar a subsequent suit for

an accounting based on a levy made in 1904, although the laches or failure of the complainant to set up the claim under the earlier execution in the former suit might be a defence, since the second suit, though brought for the same kind of relief, was not based on the same right or title as the title on which the former suit was based.

2. A plea of *res adjudicata* must show that the same point at issue on the present bill was at issue on the former bill, and that the title to relief is the same in the second bill as in the first.

On bill, plea and replication and proofs.

*Mr. William A. Lord,* for the complainants.

*Mr. Alfred F. Stevens,* for the defendants.

EMERY, V. C.

This bill is filed against the defendants for an account as mortgagees in possession of certain goods and chattels described in the bill. Complainants' right or claim to such account is based on this bill on their rights as lien holders under an execution levied on the goods on November 2d, 1904, of which the defendants took possession as mortgagees in 1907. Defendants plead as a bar to this suit a decree of dismissal in a former suit, brought against them for an accounting as mortgagees of these same chattels. Complainants took issue on the truth of the plea, and the question is whether its truth has been proved by defendants. The record of the former suit has been offered in evidence, and the conclusions filed by the vice-chancellor on the hearing of the cause have been treated as part of the record, and have been referred to in this hearing by both parties as evidence of the issues tried and decided. No other evidence than the record has been offered. The bill in the former suit was based on complainants' rights as execution creditors under an execution levied on the goods and chattels described in that bill, which levy was made in August, 1911, four years after defendants had taken possession of the goods. The complainants, in the former suit, alleged in the bill that after the docketing of their decree on March 17th, 1905, they

"afterwards had several executions issued in the cause against defendants, but were wholly unable to secure payment of the money due under the decree except that on one of the executions, real estate was sold for $100 and credited on the execution,"

but no. further reference to the earlier executions was made in the bill, and no right or claim under any levy made on the goods and chattels under any of these earlier executions was made or set out. To this former bill defendants (among other defences) pleaded possession of the chattels as owners. And on the hearing it was held (as appears by the conclusions) that as against the complainants claiming under the execution set out in the former bill (on which the levy was made in August, 1911) the defendants were entitled to hold as owners, and not as mortgagees in possession, all the chattels originally covered by the mortgage as well as the renewals and replacement thereof, and that under such levy the complainants had no right to redeem (*Schneider* v. *Schmidt, 82 N. J. Eq. 81*), and decree was advised dismissing the bill.

The rights of complainants upon a title or cause of action based on a levy of November, 1904, were not in issue on the pleadings of the former suit. The present suit, therefore, although claiming the same kind of relief as the former suit, viz., an accounting by defendants as mortgagees in possession of chattels, is not based on the same right or title as the title for relief on which the former suit was based, and for that reason the decree dismissing that suit is not a bar to the present suit as an adjudication upon the record of the claim made in this suit. The plea of *res adjudicata* must show that the same point at issue on the present bill was at issue on the former bill, and that the title to relief was the same in the second bill as in the first. *1 Dan. Ch. Pr.* (6th ed.) \*661.

Upon the hearing of the present suit the laches or failure of the complainants in the former suit to set up therein any claim under the earlier execution as a ground of relief, and the effect of such laches may be defences to the present bill, but decision upon this question of the effect of laches was expressly withheld in the former suit. In the former suit the defendants, not the complainants, raised the question by setting up in their answer the earlier execution as one of the circumstances relied on to

sustain this defence of laches in relation to the later execution The narrow issue on the present plea, as I take it, is whether the complainants' right or title in the former suit is the same right or title relied on in the present bill, which is brought for the same kind of relief as the former suit, or was a right or title at issue therein and adjudicated upon by the decree.

Defendants contend that the cause of action on the record in the former suit was the complainants' right to require defendants to account as mortgagees in possession, and that a dismissal of the bill on the title to account set out, adjudicated upon all title to account upon whatever title then existed, whether set out in the bill or not. But, in my judgment, the cause of action in the first suit was the narrower one of the right or title of the complainants, by reason of the title as therein set out, to an account as mortgagees, and did not on the record either require or authorize an adjudication upon any other title to the same general relief. Certainly no other title than the one set out could be proved by the complainants or adjudicated on if objected to, unless the bill were amended. The New Jersey cases relied on do not, in my judgment, support defendants' contention.

In *Denver City Water Works* v. *American Water Works Co.* (*1913*), *81 N. J. Eq. 139*, Vice-Chancellor Howell held that where, in a former suit to quiet title under a foreclosure, a receiver as defendant claimed that the sale was void, and the court affirmed the title, the receiver's right to attack the validity of the sale was *res adjudicata* and he could not bring a subsequent suit here upon the same grounds to set aside the sale. He said, also (at *p. 143*), that it could not be attacked upon new grounds existing at the time of the former suit. This was a case where the issue on the record was the validity of the title under foreclosure, and the decree establishing it necessarily included all defences. In *Rosenstein* v. *Burr* (*Vice-Chancellor Howell, 1912*), *80 N. J. Eq. 424*, complainant had previously brought suit to cancel a contract for specific performance alleging two grounds, and his bill was dismissed. It was held that in the subsequent suit brought against him for specific performance the decree in the former suit was *res adjudicata* as to other grounds claimed to be then existing for canceling the contract. The validity of

the contract was considered to be at issue and to have been adjudicated. The general language used by the vice-chancellor in his opinions in these cases is of course to be considered with reference to the issues involved. These issues were, in each case, the claims to defend or set aside an existing legal act or contract, and in such cases the rule has been adopted that all existing causes relied on for asserting the invalidity of the act or contract must be conclusively taken to be included in the adjudication. The doctrine of these cases is not, in my judgment, to be extended to a case like the present.

A decree or judgment establishing affirmatively a contract or other demand must, upon any theory of the finality of judicial procedure as ending litigation, necessarily include an adjudication upon all defences possible to be then made on the record, and a decree or judgment dismissing a claim to cancel or rescind the contract or other act which is the basis of a single cause of action may, on the same principle, be held to necessarily adjudicate upon all grounds or reasons for rescission existing at the time. But neither the establishment or cancellation of this single cause of action would necessarily or logically be an adjudication upon other complete and separate causes of action then existing, even though relief of the same general character be appropriate in these cases.

On a bill filed by complainant as junior mortgagee to foreclose the equity of redemption and a dismissal thereof, could complainant's subsequent suit to foreclose a prior mortgage which he held be barred by this dismissal on the ground that the cause of action adjudicated on in the former suit was a general right to foreclose which must include all titles to that remedy? Manifestly, where title is the foundation of the remedy claimed, the cause of action is narrowed to the title.

I will advise an order that the plea of *res adjudicata* be overruled, but that the defendants have leave to answer, and that the overruling of the plea shall be without prejudice to their setting up by answer the decree of dismissal of the former bill as an equitable defence to the bill or in connection with other defences. The case is one where the benefit of the former suit, so far as they are entitled to it, should be reserved to the defendants.