98 N. J. Eq.                    McGarvey v. Young.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, MINTURN, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, JJ.   9.

*For reversal*—BLACK, CLARK, McGLENNON, JJ.   3.

---

JOHN N. McGARVEY, complainant-appellant,

*v.*

CHARLES W. YOUNG et al., defendants-respondents.

[Argued March 18th, 1925.   Decided May 18th, 1925.]

Complainant's bill averred that the defendant Young entered into an agreement with the defendant International Speedway Association for the purchase from the latter of certain lands; that the $2.500 Young paid as earnest money was complainant's; that Young was complainant's agent in procuring such agreement, having no financial interest in the agreement or in the land, and that, after procuring such agreement, he refused to assign same to the complainant. The bill prayed that Young be decreed to assign the contract, and the association to make a deed. to complainant.. The defendants answered, denying the material allegations of the bill—*Held*. that on final hearing. to warrant the relief asked for, the evidence must be of such weight and sufficiency as will reasonably justify the court in finding (among other things) the existence of the agency charged

in the bill, and that in the absence of such satisfactory proof the bill was properly dismissed.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll.

*Mr. Clarence L. Cole* (*Cole & Cole,* on the brief), for the appellant.

*Mr. Emerson L. Richards* and *Ruby R. Vale* (of the Pennsylvania bar), for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

Complainant's bill averred that the defendant Charles W. Young entered into an agreement with the defendant the International Speedway Association, a corporation, for the purchase from the latter of certain lands in Atlantic City; that the $2,500 Young paid as earnest money was complainant's; that Young was complainant's agent in procuring such agreement, having no financial interest in the agreement or in the land, and that, after procuring such agreement, he refused to assign same to complainant, the real and only purchaser.

The prayer of the bill was that "it be decreed that, in procuring the agreement referred to in the bill, defendant Young was acting as agent for complainant; that he holds said agreement in trust for complainant; that he has no interest, legal or equitable, in the same or the lands and premises described; that he be commanded to assign, transfer and set over said agreement to complainant, and that the International Speedway Association be required to execute and deliver a deed to complainant," &c.

Both defendants answered denying the material allegations of the bill. Upon final hearing the vice-chancellor considered that the bill should be dismissed. Such a decree was entered and the complainant appeals.

We are of the opinion that the decree should not be disturbed.

To warrant the relief asked for in the complaint the evidence must be of such weight and sufficiency as will reasonably justify the court in finding (among other things) the existence of the agency charged in the bill.

Apparently, the vice-chancellor thought that such proof was not adduced, and we think that was right. No documentary evidence was presented in support of complainant's contention that the defendant Young acted solely as his agent in the transaction. True, the complainant himself testified in support of such claim, and there was some corroboration, but the preponderance of the evidence was to the contrary. The fact that Young procured from complainant the $2,500 which he used as cash payment on the contract is far from conclusive upon the question of agency, since, as we think, the greater weight of the evidence is that it was procured as a loan. It is undisputed that the complainant knew nothing of the land in question, nothing of the possibility of its purchase, until it was called to his attention by Young, who had an option to purchase it. Young testified that, needing money to finance the purchase, he first went to one Smith and was by him referred to the complainant. He is corroborated as to that. Young says, in effect, that his agreement with the complainant was that he should borrow the money from the complainant, procure the contract of sale, and, in the event of a resale within a specified time, the profits were to be divided; otherwise, complainant was to have his money returned, less his portion of the expense.

It is unnecessary for present purposes to determine precisely what were the contractual relations between the parties. It is sufficient to say that we find that complainant's claim of agency was not made out. We think that a careful consideration of complainant's own testimony indicates that Young was not acting solely as his agent. He unconsciously reveals the fact that he did not regard himself as the owner of the land, but, on the contrary, recognized Young as having a real interest. He makes repeated references to "security

for my money." Moreover, complainant's conduct seems to show that he did not regard Young as his agent. When the contract of sale arrived in Atlantic City from the "west," where it had been negotiated by Young, it was examined by complainant, and his attention was drawn to the fact that it was made to *Young or his nominee.* With this knowledge, complainant and Young went to Mays Landing and had the agreement recorded, and it is significant that at this very time, according to a seemingly disinterested witness, Young declared, in complainant's presence, that "he [Young] had purchased the speedway tract," and this the complainant did not deny. Finally, we call attention to the fact that complainant's later talk with Mr. MacCain, in Philadelphia, is quite inconsistent with his present claim for relief.

Since the bill was properly dismissed for want of proof of the agency essential to relief, therein alleged, it will be unnecessary to consider other objections leveled against the relief asked for in the bill.

The decree below will be affirmed, with costs.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Black, Katzenbach, Campbell, Lloyd, Clark, McGlennon, Kays, JJ.    10.

*For reversal*—White, Gardner, Van Buskirk, JJ.    3.