On December 27th, 1923, John N. McGarvey filed a bill in this court against Charles W. Young and the International Speedway Association, a corporation, in which he alleged that the International Speedway Association had entered into an agreement with the defendant Young, by which it agreed to sell certain lands therein described to said Young. This agreement is attached to the bill of complaint as Exhibit "A." That Young was complainant's agent in procuring said agreement, and that Young had acted only as agent and for the benefit solely of complainant; that Young had fraudulently repudiated the contract with complainant.
The prayer of the bill, in addition to those praying for answer and subpoena, was: *Page 175 
"That it be decreed that in procuring the agreement referred to in the bill the defendant Young was acting as agent for complainant; that he holds said agreement in trust for complainant; that he has no interest, legal or equitable, in the same or the lands and premises described; that he be commanded to assign, transfer and set over said agreement to complainant, and that the International Speedway Association be required to execute and deliver a deed to complainant for the lands and premises described in the agreement upon complainant's complying with the terms and conditions thereof, and that complainant may have such other and general relief as may be agreeable to equity."
Answer and replication were filed, hearing was had, opinion was filed, in which this court held: "Should the complainant accept a decree for the repayment of the money advanced by him in the enterprise such decree will be advised, otherwise the bill must be dismissed."
In accordance therewith a final decree dismissing the bill was advised on October 4th, 1924.
An appeal was taken with the result that the decree was affirmed. 3 N.J. Adv. R. 932; 98 N.J. Eq. 343.
On September 4th, 1925, the complainant (by other counsel than those who represented him in the former suit) filed a bill in which he in much greater detail alleged the facts set forth in the former bill. The same agreement is attached to the bill of complaint and marked Exhibit II.
In said bill it is averred that title of the International Speedway Association has been conveyed to one Safford, and by Safford to Young. The International Speedway Association is therefore not made a party defendant.
The bill also alleged that Young and his wife conveyed said premises to Max Grossman and Alfred W. Westney, and that they hold said property in trust for Young. Grossman and Westney, and their wives, have therefore been made party defendants.
The prayers of the bill, in addition to those for answer and subpoena, are:
"2. That it may be determined that the said Max Grossman and Shirley, his wife, and Alfred W. Westney and *Page 176 
Laura his wife, hold said property as trustees for complainant under a resulting trust or in the alternative for the said Charles W. Young and the complainant as joint adventurers, and that the rights and interests of the said Charles W. Young and the complainant may be fixed and determined, or, in the alternative, to secure to complainant the repayment to complainant of the amount of money invested by complainant in said lands and premises, and the sum of $25,000, with interest, as the value of complainant's interest in said joint adventure.
"3. That complainant may have such other and further relief as may be proper."
In the former bill the complainant, in clause 6, said: "The action of said Young is a fraud upon complainant, and an attempt to deprive complainant of his rights in the agreement which was procured while said Young was acting solely as agent for complainant."
The defendant moved to dismiss the bill because: a. That a previous proceeding estops the complainant from proceeding in this cause. b. That the decree in the former action was resadjudicata as to the present action. c. That the complainant's case is within the statute of frauds.
After hearing arguments the motion was denied and the defendants were given time to file answer.
The reason impelling me to deny this motion was that there was nothing before me to prove the facts alleged in the motion, the motion, of course, being upon the facts stated in the bill.
The defendants then filed an answer by way of plea, in which they set forth the pleadings in the previous case, the appeal and the opinion of the court of errors and appeals, and alleging resadjudicata, with prayer for dismissal.
Replication is filed admitting the pleadings in the previous case, but denying res adjudicata, and alleging new parties. A reply is filed presenting not only the pleadings in, but the testimony in the previous hearing.
Motion is now made to dismiss the bill.
The court of errors and appeals — In re Walsh Estate, 80 N.J. Eq. 565
(at p. 569), said: *Page 177 
"The doctrine res adjudicata has been clearly defined in this state, and it is the law `that the judgment of a court of competent jurisdiction on a question of law or fact, or on a question of mixed law and fact, once litigated and determined, is, so long as it remains unreversed, conclusive upon the parties and their privies, not only as to the particular property involved in the suit in which it is pronounced, but as to all future litigation between the same parties or their privies, touching the subject-matter, though the property involved in the subsequent litigation is different from that which was involved in the first. All that is required in cases where the prior and subsequent litigations involve different things, to render the judgment in the first conclusive upon the parties in the subsequent, is that there shall be substantial identity in the subject-matter of the two, and that must always be the case, as is obvious where the judgment in the first rests on a decision of the same question substantially which is presented for decision by the subsequent.' City of Paterson v. Baker, 51 N.J. Eq.
(6 Dick.) 57. All that is necessary is that the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the first suit, and in such case the parties and those a privity with them are concluded, `not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Ibid., 51 N.J. Eq. (6 Dick.) 53;Cromwell v. Sac County, 94 U.S. 351, 352; 24 L.Ed. 195.
"Where the second action is upon a different claim or demand, but between the same parties, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. City of Paterson v. Baker,51 N.J. Eq. (6 Dick.) 54. See, also, Mershon v. Williams,63 N.J. Law (34 Vr.) 401; Clark Thread Co. v. William Clark Co.,55 N.J. Eq. (10 Dick.) 662; Mercer County Traction Co. v.U.R.R. Co., 64 N.J. Eq. (19 Dick.) 594. The judgment is final between the parties as to *Page 178 
all defenses which were or could have been set up in the earlier suit. Thompson v. Williamson, 67 N.J. Eq. (1 Robb.) 212,214. `It is not necessary that the action in which the judgment is found, and that in which it is relied on as an estoppel, should be of the same kind, or for the same cause of action.'Sawyer v. Woodbury (Mass.) 7 Gray 502; 66 Am. Dec. 518;City of Paterson v. Baker, supra. `The doctrine is not a mere rule of procedure, but a rule of justice unlimited in its operation, which must be enforced whenever its enforcement is necessary for the protection and security of rights and for the preservation of the repose of society.' City of Paterson v.Baker, 51 N.J. Eq. (6 Dick.) 59; Putnam v. Clark,34 N.J. Eq. (7 Stew.) 540. `It is a rule of law based upon two grounds: The first, that there should be an end to litigation, and the second, that a person should not be twice vexed for the same cause.' 24 Am. Eng. Encycl. L. (2d ed.) 713, 714, and cases cited.
"Referring now to the exceptions, it will be seen that the first is to the prayer for allowance of $1,000, and that the second is to the prayer for allowance of the proceeds of a mortgage claimed to have been advanced to the deceased, amounting to $816.80. This is the Abigail F. Hugg mortgage, with the proceeds of the sale of which the accountant charges herself. The conclusion which I have reached with regard to those items is that they are res adjudicata. An examination of the record in the chancery suit will show that each was included in the bill of complaint, and that the plea makes no exception, but alleges that all of the said bonds, mortgages, shares of stock and other personal property, in the bill of complaint mentioned, passed to the said Ida E. Wagner for a good and valuable consideration. The decision of the court was unquestionably adverse to this contention and necessarily included everything named in the plea. The defendant adopted a certain procedure, the legal effect whereof was an admission that she had in possession as owner certain things, including these two items excepted to, and the court rendered a decision, the legal effect whereof was that she did not own said mortgage, and said money of which she admitted that she had possession, that she *Page 179 
should turn them over to the estate of the testatrix. If they had not been in her possession, would she have adopted a procedure which admitted possession? After having alleged in the chancery suit that she had them in possession, and having submitted the ownership thereof to the decision of that court, she would not now be allowed to play fast and loose with courts, and with the administration of justice, and be permitted to deny that which she admitted in the previous suit. Otherwise we would strike at the basic principle of the doctrine of res adjudicata, would justify trifling with legal procedure and with the stability of legal decisions. Lord Rosedale once said that it was more important that an end should be put to litigation than that justice should be done in every case." Beteman v. Willoe, 1Sch. L. 201; Dunham v. Downer, 31 Vt. 250, 256; Schumann v.Weatherhead, 1 East 537; Claggett v. Simes, 25 N.H. 402.
Vice-Chancellor Backes in Sarson v. Maccia, 90 N.J. Eq. 433,
said: "Nor in order to raise the estoppel, is it necessary that the pleadings in the first suit should have counted upon the precise false representations set up as the cause of action in the second. It is enough if the matter was triable in the first suit, and that it was actually litigated and adjudicated."
"This defense can be interposed by way of plea in bar." Waln
v. Meirs, 80 N.J. Eq. 488 (at p. 499).
As recently as November, 1925, the chancellor in Cashin v.Alamac Hotel Co., 98 N.J. Eq. 432, said: "In City of Paterson
v. Baker, 51 N.J. Eq. 49; 26 Atl. Rep. 324, Vice-Chancellor Van Fleet, quoting from Cromwell v. Sac County, 94 U.S. 351;24 L.Ed. 195, said (51 N.J. Eq. — at p. 53; 26 Atl. Rep. 325), that parties and those in privity with them are concluded, `not only as to every matter * * * offered and received to sustain or defeat the * * * demand, but as to any other admissible matter which might have been offered for that purpose.' Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery," c. Again, the same vice-chancellor, *Page 180 
in the same case, quoting from Beloit v. Morgan, 7 Wall. 619;19 L.Ed. 205, said (51 N.J. Eq. — at p. 56;26 Atl. Rep. 326):
"That the judgment of a court having jurisdiction of the parties and the subject-matter of the suit, is conclusive not only as to the res of that case, but as to all further litigation between the same parties touching the same subject-matter, though the res itself may be different."
The second bill is based upon exactly the same subject-matter as was the first bill.
In the present bill it is alleged that the purchase was a joint enterprise. The prayer for relief in the original bill included a prayer for general relief.
All the questions of fact arising, in connection with the transactions between complainant and defendant, have been litigated and determined in the former suit, and the parties and their privies are therefore concluded; not only as to every matter which was offered and received to sustain or defeat the claim, but as to any other admissible matter which might have been offered for the purpose. Ibid., 51 N.J. Eq. 53.
The complainant has once presented his case, failed in this court, appealed and failed in the court of errors and appeals, and now presents the same facts, changing only his conclusions as to the effect of such facts, and asks the court to again hear the same case. It would be a travesty on court procedure were complainants permitted to repeatedly present the same facts to the court, only claiming different forms of relief. Such procedure would strike at the basic principle of the doctrine ofres adjudicata, and would be trifling with legal procedure, and with stability of legal decisions. In re Walsh, Ibid., 80 N.J. Eq. 565.
Objection is made to the timeliness of the present motion to dismiss.
It is sufficient to say, that the question of res adjudicata
is clearly presented by the replication, wherein the complainant admits the pleadings by reference to the record, the issue, the hearing, the decree, the appeal and the affirmance of the decree appealed from. *Page 181 
An examination of the respective pleadings results in the conclusion above reached, and it would only be trifling with legal procedure to say that it is necessary to proceed to a final hearing, to determine the present question.
The bill will be dismissed.