CLIFTON BURKET, RESPONDENT, v. EDWARD H. ELLIS, APPELLANT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Oscar B. Redrow.*

For the respondent, *Morris V. McDonald.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by Burket to recover from the defendant the sum of $1,000, claimed to be due from the latter to him as compensation for services rendered in the superintending of the construction of a portion of section number 7, route number 20, of one of the state

highways, this section being located in the village of Malaga. Ellis had made a contract with the state highway commission for the construction of this section of the route, and, having made the contract, he subcontracted some parts of the work to be done under it, and employed Burket to superintend the doing of that part of the work which he, Ellis, had reserved to himself.

The contract between the parties to this litigation provided for the paying by the defendant to the plaintiff of the sum of $75 per week for his work of superintending. The plaintiff claimed that, in addition to this compensation, he was to receive the sum of $1,000 when the work of laying the concrete was done, provided it was properly done. The defendant denies that he had made any contract to pay this additional sum, although he admitted agreeing that, if Burket performed his work satisfactorily, he would pay him a bonus of $1,000 on the completion of the contract. After the work done by the plaintiff under his agreement with the defendant was completed the latter refused to pay the additional $1,000, and thereupon the present suit was brought. The trial resulted in a verdict in favor of the plaintiff for the amount claimed by him, less certain admitted reductions. The jury, by necessary implication, found that the terms of the contract between the parties were those averred by the plaintiff, and that the latter had performed it. The defendant, being dissatisfied with the result of the trial, has appealed from the judgment entered upon the verdict.

The first ground upon which we are asked to reverse the judgment is that the court erroneously refused to permit the defendant to prove that the contract between himself and the state highway commission had not been completed in accordance with its terms. In our view, the court properly excluded this testimony. As has already been stated, the defendant personally did a large part of the work by his own employes. All that the plaintiff was required to do under his contract was to see to it that the work done by the defendant's employes was properly done. He was under no further obligation—that is, it was not within the scope of his employment

to see that the defendant properly performed his contract with the state highway commission.

The next contention is that the court erroneously permitted Burket, the plaintiff, to prove a conversation had over the telephone between a witness called by him, named Mori, and the defendant, without proof of the latter's identity. Mori testified that he knew the defendant and was familiar with his voice, and that it was the defendant who was the other party to the conversation. It is further argued that, even if it be considered that the proof of the defendant's identity was sufficient, the evidence itself was not competent. The testimony of Mori was that this conversation was after the plaintiff's work had been finished, and that the defendant, Ellis, stated with reference to the claim of Burket to be entitled to be paid $1,000 on the completion of the Malaga job, "I owe it to him, but let him try and get it." In our opinion the testimony completely established the identity of the defendant, and the statement of the latter that he owed the plaintiff the $1,000 claimed by him under his contract, which is the basis of the present suit, was clearly competent. We conclude, therefore, that there is nothing in this contention.

Next, it is contended that the court erroneously refused to admit testimony involving an accounting between the parties of moneys which were given to the plaintiff for the payment of certain bills of the defendant during the construction of the road. An examination of the pleadings shows that this was not a matter involved in the litigation—that is, it is not suggested, either in the answer or in the defendant's counter-claim, that he is entitled to an accounting of moneys received by Burket from him, to be paid in satisfaction of the latter's indebtedness to third parties. If the defendant had desired to litigate this matter, he should have applied to the court to amend his counter-claim for the purpose of raising this issue. Not having made such an application, the court properly refused to admit the testimony referred to.

Lastly, it is contended that this judgment should be reversed because the evidence submitted was insufficient to support the verdict. It is the settled law of this state that an

appellate court will not review the weight of the evidence on an appeal from a judgment entered in a civil cause.

Finding no legal merit in any of the grounds relied on for a reversal, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.