AGNES G. BENJAMIN

*v.*

GEORGE H. VAN VOORHIS et al.

[Decided May 19th, 1930.]

*Mr. Frederic B. Scott,* for the appellant.

*Mr. James B. Furber, contra.*

PER CURIAM.

The appeal in this case is taken from a final decree dismissing the bill of complaint. The suit was instituted to compel the specific performance of an agreement entered into between the complainant and the defendants relating to the disposition of the estate of the widow of the defendant George H. Van Voorhis, the complainant and the other defendants being the children of George H. Van Voorhis' deceased wife. Answers having been filed to the complainant's bill the case at the request of complainant's counsel was set down for hearing specially on the first day of November, 1928. On the day named the principal counsel of the complainant did not appear and his associate then requested that the hear-

ing of the case be postponed until a later date until complainant's principal counsel could be present. The application for a postponement was opposed by counsel for the defendant and the vice-chancellor to whom the cause had been referred for hearing refused to grant the motion and directed that the trial of the case be proceeded with. Complainant's associate counsel refused to move the case and thereupon the vice-chancellor advised a decree dismissing the bill for lack of prosecution. Thereupon the present appeal was taken and the principal ground urged for a reversal of the decree is that it constitutes an abuse of discretion on the part of the court of chancery. We are unable to concur in this view. The fact that counsel neglects to appear on the day set for the hearing of a cause or refuses to move the case upon its call ordinarily justifies the court in the dismissing of the bill; and we see nothing in the present case which required the vice-chancellor to grant the motion for an adjournment. The situation above outlined was plainly due to the neglect of complainant's counsel, and to nothing else.

We consider, however, that the decree of dismissal in the present case is no bar to the right of the complainant to file a new bill based upon the same grounds as those set forth in the case now before us. If the present bill contains a true statement of the facts in issue clearly the complainant is entitled to the relief which she seeks. Although where a bill in equity has been dismissed by the court and another bill is subsequently filed between the same parties based upon the same subject-matter, the court in its discretion may dismiss the latter bill without a hearing, nevertheless, if the first suit is dismissed on any ground which did not go to the merits of the action the decree rendered is not necessarily a bar to another suit and in the interest of justice it should not be permitted to deprive the complainant of a just cause of action. This is the principle stated in *Henninger* v. *Heald, 51 N. J. Eq. 74,* and is justified by the citation contained in the opinion from the case of *Hughes* v. *United States, 4 Wall. 232,* and other authorities cited in the opinion. It is the ordinary practice in cases like that now before us for the court of

chancery in entering the decree of dismissal to state that such decree shall be without prejudice to the filing of a new bill, but the omission of any such reservation does not compel that court to refuse to recognize a new bill if and when the complainant files it.

The decree under review is affirmed, with a reservation of the right of the complainant to file a new bill seeking the same relief upon the same facts.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.