ELECTRIC ARC CUTTING AND WELDING COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FISCAL ASSOCIATES, INCORPORATED, A CORPORATION OF NEW JERSEY, AND JULIAN J. ROSS, DEFENDANTS-APPELLANTS.

Argued October 6, 1936—Decided November 18, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants-appellants, *Samuel A. Sharff*.

For the plaintiff-respondent, *Frederic Stoddard*.

PER CURIAM.

Prior to the sale out of which this action arises, plaintiff had bought from the defendant Julian J. Ross a rod tapering machine for $2,835. The order for this machine and the moneys to become due in payment for it had been sold by the defendant Julian J. Ross to the defendant Fiscal Associates, Incorporated. Subsequently and on July 13th, 1934, plaintiff sold to the defendant Julian J. Ross an arc welding machine for $450, payment for which was to be made by deducting that sum from the money which would become due from the plaintiff to the defendant Fiscal Associates, Incorporated, on the assignment of the rod tapering machine order. An order to this effect was delivered to and accepted by the

defendant Fiscal Associates, Incorporated. Neither then nor at any other time did the defendant Fiscal Associates, Incorporated, or anyone else, bring to the notice of the plaintiff a so-called factoring agreement under which the two defendants were operating. The rod tapering machine purchased by the plaintiff was paid for by a series of twelve notes for $175 each and the balance in merchandise. The $450 payment for the arc welder was to be deducted from the last three of these notes. Before these notes became due a dispute arose between the parties and plaintiff filed its bill in Chancery to restrain the defendant Fiscal Associates, Incorporated, from negotiating the notes and to rescind the notes. A preliminary restraint was prayed for and a rule to show cause issued by the Court of Chancery why the same should not be granted and on argument based on *ex parte* affidavits, the Court of Chancery denied the temporary restraint and dismissed the rule to show cause. No hearing on the merits of that cause has been had, no testimony has been taken, and no final decree has been made. Thereafter, the defendant Fiscal Associates, Incorporated, sold the notes it held to the Ajax Construction Company, who brought suit against the plaintiff thereon and the plaintiff was compelled to pay all of the notes. The plaintiff paid in settlement of the suit on the three notes the sum of $500. It has not received payment of the $450, and was not given the credit therefor on the notes held by the defendant Fiscal Associates, Incorporated, and so brought suit against both Julian J. Ross and Fiscal Associates, Incorporated, and obtained judgment against the defendant Fiscal Associates, Incorporated, for $450.

The sole contention of the defendant-appellant is that the District Court judge erred in the exclusion of evidence.

We think the trial judge was correct in excluding from evidence the general factoring agreement as well as proof of any indebtedness thereunder. The plaintiff was not a party to that factoring agreement and it is conceded by the appellant that this agreement was never brought to the notice of the plaintiff. *Lehigh Coal, &c., Co.* v. *Central Railroad Co.,* 41 *N. J. Eq.* 167; 3 *Atl. Rep.* 134; *Burket* v. *Ellis,* 105 *N. J. L.* 560; 143 *Atl. Rep.* 347.

Again, we think that the Chancery proceedings to restrain negotiation of the notes and for rescission of the notes were properly excluded because the proceedings are not terminated, because no hearing on the merits was had, because no final decree or judgment has been entered and because the cause of action in that case is not the same as the cause of action in the instant case. *Benjamin* v. *Van Voorhis,* 106 *N. J. Eq.* 196; 150 *Atl. Rep.* 393; *Hoffmeier & Son* v. *Trost,* 83 *N. J. L.* 358; 85 *Atl. Rep.* 221.

Lastly, we think that the trial judge properly excluded from evidence any testimony as to the amount paid by the plaintiff in settlement of a suit on the last three notes.

The appellant had sold the same for value to a holder in due course who sued upon them. Whether or not appellant sold for full value and whether or not plaintiff in settling a suit paid full value is immaterial and irrelevant to the issue in this cause, and moreover, it will be noticed that no set-off was filed in this cause.

The judgment will be affirmed, with costs.