The present motion introduces two points for consideration and decision. First, can the defense of res judicata be interposed by means of a motion to strike a bill of complaint which contains no reference whatever to the former litigation? Second, what is the force and range of effectiveness of a decree of dismissal in a former cause which was made and entered expressly "without prejudice?"
A motion to strike a bill of complaint pursuant to our modern practice is essentially the equivalent of the former *Page 573 
demurrer which prayed judgment whether the defendant should be compelled to answer the bill. The modern motion has a precisely similar function. The material matters of fact adequately charged in the bill are for immediate purposes admitted, and the inquiry is confined to the factual and legal substance of the bill itself. State v. Foster Wheeler Corp., 133 N.J. Eq. 554;33 Atl. Rep. 2d 699.
And so, where, as here, the bill of complaint does not itself embody any disclosure of the facts from which the conclusion ofres judicata can be derived, a motion under Rule 69 is inappropriate and ineffectual. In all such situations the defensive contention should be asserted by way of answer or by an answer in lieu of plea. Passaic Match Co. v. Helio Match Co.,70 Atl. Rep. 466 (not elsewhere reported).
In Isham v. Cooper, 56 N.J. Eq. 398, 404; 37 Atl. Rep. 462;
affirmed, 56 N.J. Eq. 409; 39 Atl. Rep. 760, Vice-Chancellor Emery stated: "In relation to obtaining the benefit of a former adjudication, our practice, as I understand it, permits the defense to be raised by answer as well as by a formal plea, following in this respect the general rule of the American courts. Lyon v. Talmadge, 14 Johns. 501, 511; Black Judg., §783."
The purpose of an answer in lieu of plea is to present new matter not apparent in the bill. Davis v. Davis, 57 N.J. Eq. 252; 41 Atl. Rep. 353; Kelly v. Masionis, 79 N.J. Eq. 644;82 Atl. Rep. 329.
Pertinent is the observation of Chief-Justice Case inStamborsky v. Cohen, 124 N.J. Eq. 290; 1 Atl. Rep. 2d456: "The suggestion that the defendant's proper procedure was to move to strike, with the effect of a demurrer, is without force inasmuch as the matter injected by the answer is not to be found in the bill." The following citations seem to indicate the normal practice: Seeley v. Adams, 76 Atl. Rep. 462: Waln v.Meirs, 80 N.J. Eq. 488, 499: 85 Atl. Rep. 260: Schneider v.Schmidt, 84 N.J. Eq. 18: 92 Atl. Rep. 789; affirmed, 85 N.J. Eq. 207; 95 Atl. Rep. 1079; McGarrey v. Young, 100 N.J. Eq. 174,176; 134 Atl. Rep. 744; affirmed, 101 N.J. Eq. 302:137 Atl. Rep. 918; 101 A.L.R. 1325. *Page 574 
Having resolved that the present motion to strike the bill is improper, a discussion of the second point is not momentarily required. Nevertheless, to accommodate counsel I shall divulge my opinion concerning it. Cf. National Bank of New Jersey v.Lefkowitz, 107 N.J. Eq. 265, 266; 152 Atl. Rep. 328.
An answer would undoubtedly aver that there was a former suit in this court between the same parties embracing the same cause of action as that now alleged in the present bill. Glasser v.Feller, 141 N.J. Eq. 90; 56 Atl. Rep. 2d 137. In announcing my decision in the former cause, I stated: "The inadequacy of the proof obliges me to dismiss the bill, without prejudice. Decree accordingly. No costs." In conformity with my conclusion a final decree was entered declaring "that the complainants' bill of complaint be and the same is dismissed, without prejudice and without costs."
It is my recollection that at the final hearing of the former case, counsel for the defendant refrained from offering any adverse proof, rested upon the evidence adduced by the complainants, and moved for a dismissal of the bill. My ruling was essentially analogous to the nonsuit at law, and it was for such reason that I resolved to dismiss the bill without prejudice.
In such a situation it is my conviction that the decree rendered in the former cause, thus qualified, does not operate to bar the prosecution of the present cause.
"This last case (Bigelow v. Winsor, 1 Gray 301) shows what is believed to be the general practice: that when a bill is dismissed and the court intends to protect the complainant against an estoppel, it usually adds to its decree that it shall be without prejudice. But I cannot conceive for a moment that the absence of those words is a bar to all future consideration of the equitable rights of the parties." Henninger v. Heald,51 N.J. Eq. 74, 76; 26 Atl. Rep. 449.
"It is the ordinary practice in cases like that now before us for the Court of Chancery in entering the decree of dismissal to state that such decree shall be without prejudice to the filing of a new bill but the omission of any such reservation does not compel that court to refuse to recognize a new *Page 575 
bill if and when the complainant files it." Benjamin v. VanVoorhis, 106 N.J. Eq. 196; 150 Atl. Rep. 393.
Other illuminative references to the subject may be found inEnglish v. English, 27 N.J. Eq. 579, 586; Spence v. Spence,74 N.J. Eq. 786; 70 Atl. Rep. 990; O'Brien v. O'Brien, 103 N.J. Eq. 214,218; 142 Atl. Rep. 898; affirmed, 105 N.J. Eq. 250;147 Atl. Rep. 911; 37 C.J. "Judgments," pp. 790-792 § 1207, p.894 § 1300; 17 Am. Jur. "Dismissal-continuances," § 78 (see cumulative supplement and footnote thereto); 149 A.L.R. 557 etseq.
The motion to strike the bill is denied, with costs. Defendant may of course answer the allegations of the bill. *Page 576